**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**Scott Kelly JANKE,
Defendant-Appellant.**

No. 83CA0810.

Colorado Court of Appeals,
Div. I.

Jan. 9, 1986.

As Modified on Denial of Rehearings
Jan. 30, 1986.

Certiorari Denied June 2, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Seth Benezra, Lynda H. Knowles, Deputy State Public Defenders, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Scott Kelly Janke, appeals from convictions entered upon jury verdicts entered in trial court actions numbered 82CR889, 82CR971, and 82CR977, finding him guilty of four counts of first degree sexual assault, four counts of second degree kidnapping, and five counts of violent crime. In addition to several evidentiary attacks, and a contention of prosecutorial misconduct, defendant seeks reversal of two of the five convictions for violent crime. He also appeals his 96-year sentence which he argues was based on improper considerations. We affirm in part, reverse in part, and remand for resentencing based on defendant's latter two contentions.

The evidence at trial showed that defendant had kidnapped and sexually assaulted four different victims. Three of the five violent crime counts concerned the assault on two of the victims in which the evidence demonstrated defendant's use or possession of a deadly weapon. However, the remaining two convictions for violent crime against the victim in case # 82CR971 are supported only by evidence of a threatened use of an unidentified deadly weapon.

Defendant was sentenced to serve 16 years for each class 3 felony of first degree sexual assault and 24 years for each class 2 felony of kidnapping. In the three cases where defendant was also convicted of violent crime, his sentences were enhanced for that reason and for other aggravating circumstances; in the one case where there was no violent crime conviction, defendant received the maximum sentence based on findings of aggravating circumstances. The sentences were ordered to run concurrently as to each victim, but consecutive to the sentences imposed in the other cases; thereby totalling 96 years.

## I.

Defendant first argues that he was denied a fair trial in one of the cases because the prosecution did not comply with its duty timely to disclose discovered material regarding fingerprint comparisons and re-comparisons. The record does not support defendant's arguments.

Near the commencement of the trial, defense counsel received a supplemental police report indicating that a comparison had been made several months before trial between defendant's fingerprints and certain prints recovered by police. That report stated that: "No identification was effected." The record, however, further indicates that comparisons were being made as the trial was beginning; that a

print was taken from another part of defendant's hand pursuant to Crim.P. 41 during trial; and that defense counsel was aware of these recomparisons.

The record shows that the prosecution kept defense counsel apprised of all information as it became available. Thus, defendant's contentions of noncompliance by the prosecution with its disclosure duty and the court's discovery order lack merit. *Cf. People v. Edgar*, 40 Colo.App. 377, 578 P.2d 666 (1978).

Initially, when defense counsel became aware of the recomparisons, he sought a continuance which was denied. Later, upon receiving the positive results of the recomparisons, defendant moved for suppression of the evidence, severance of the case, and a mistrial. These motions were denied. Defendant renewed the latter three motions three days later on the day that trial began. They were again denied.

Under the circumstances of this case, the trial court's denial of a continuance did not deprive defendant of his right to effective assistance of counsel. *See People v. Garcia*, 690 P.2d 869 (Colo.App.1984).

At the time the continuance was denied, results of the recomparisons were not yet available. In denying defendant's other motions, the court indicated that additional time might be granted if re-examination by defendant's expert so necessitated. The trial court also offered to appoint an expert for such independent re-examination which defendant declined. No independent re-examinations are apparent from the record, although a period of several days (from when the positive results were made known to the day of trial) would have allowed defendant's expert to re-evaluate the prints and comparisons. Thus, defense counsel had ample time and opportunity to prepare adequately with regard to that evidence.

■ As a result, there was no abuse of discretion in the trial court's denial of defendant's motion to continue. *See People v. Garcia, supra.* The circumstances also indicate no abuse of discretion by the trial court in denying defendant's motion for severance, suppression of evidence, or for mistrial. *See People v. Gonzales*, 198 Colo. 450, 601 P.2d 1366 (1979); *Hamrick v. People*, 624 P.2d 1320 (Colo.1981).

## II.

Defendant next argues that the trial court erred in denying his motion to dismiss based on the prosecution's destruction of exculpatory evidence. We disagree.

■ Defendant contends that exculpatory evidence which consisted of semen on one of the victim's carseats was destroyed when the carseat was returned to the victim. However, because defendant has failed to establish a reasonable possibility that the evidence could have been of assistance to the defense, no error was committed. *See Gallagher v. District Court*, 656 P.2d 1287 (Colo.1983).

Although no blood grouping test was performed on the specimen found on the carseat, a blood grouping test was performed on specimens taken from the victim's jeans, underwear, and vaginal swabs. Those test results did not exclude defendant as a possible source of the semen; rather it identified a person of his blood type as being a possible source. In view of these results, defendant has failed to show a reasonable possibility of assistance to his case from the specimen on the carseat.

## III.

■ Defendant next argues that he was deprived of his right to a fair trial when the prosecutor made certain comments during closing argument. We disagree. These comments pertained primarily to the sexual assaults as to which the evidence was overwhelming against the defendant. Thus, we cannot attribute to the remarks any substantial effect upon the outcome of the trial. *See People v. Constant*, 645 P.2d 843 (Colo.1982).

## IV.

Defendant seeks reversal of the two counts of crime of violence in case # 82CR971 because, he argues, there was

no evidence presented of possession of a deadly weapon as is required under § 16–11–309(2)(a)(I), C.R.S. (1985 Cum.Supp.). We agree.

▪ The People bear the burden of proving the material elements of violent crime beyond a reasonable doubt. *People v. Russo*, 677 P.2d 386 (Colo.App.1983). Thus, the prosecution was required to prove beyond a reasonable doubt that defendant "used, or possessed and threatened to use, a deadly weapon...." Section 16–11–309(2)(a)(I), C.R.S. (1985 Cum.Supp.); *People v. Russo, supra.* There was no such proof here. Although there was evidence of threats made by defendant to "slit [victim's] throat," there is no evidence of actual use or possession by defendant of a deadly weapon. We therefore reverse those two convictions.

## V.

Defendant finally argues that the trial court based his sentence on improper considerations. We agree.

In justifying the sentence imposed, the trial court recited the following aggravating circumstances:

"[D]uring the commission of all these various sexual offenses and the kidnapping you were on deferred judgment and sentence for burglary ... the fact that you kidnapped all of your victims ... robbed them ... threatened them and terrorized them...."

In addition, the trial court stated that there "is no telling how many victims you raped that didn't have the courage to come forward and go through a trial such as we have had here. These victims had to appear and testify numerous times ... about the same set of facts and have this brought back to their memory of that terrible time...."

▪ In light of defendant's fundamental right to require the prosecution to prove every element of the case, consideration of the trauma to victims caused by their having to testify is not a proper basis for imposition of a sentence beyond the pre-

sumptive range. *People v. Wilson*, 43 Colo.App. 68, 599 P.2d 970 (1979). Nor may a sentence be imposed beyond the presumptive range because of uncharged and unproven crimes or the possible existence of other victims. *See Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1947). Additionally, commission of the elements of the substantive crime, in and of itself, cannot logically constitute extraordinary aggravating circumstances. *People v. Russell*, 703 P.2d 620 (Colo.App.1985).

Thus, the trial court's citation to the fact of the kidnappings, threats of retaliation, other unknown victims, and the frequency of required testimony were improper considerations and bases for sentence enhancement.

▪ Because these improper bases constitute a significant portion of the trial court's sentencing considerations, we must remand for resentencing. Upon such resentencing, the trial court shall balance the goals of protecting both the rights of society and the rights of the defendant. In so doing, the trial court should first be guided by the purpose of sentencing as set forth in § 18–1–102.5(1), C.R.S. (1985 Cum.Supp.). Second, the court shall impose a new sentence based on consideration of the factors listed in §§ 18–1–105(1)(b) and 18–1–105(9)(a), C.R.S. (1978 Repl.Vol. 8) and recited in *People v. Phillips*, 652 P.2d 575 (Colo.1982). *See also People v. Piro*, 671 P.2d 1341 (Colo.App.1983). Each such factor before the court must be weighed without maximizing the value of any one facet of the case. *People v. Cohen*, 617 P.2d 1205 (Colo.1980).

The two convictions of violent crime in case # 82CR971 are reversed. The remaining convictions in # 82CR971 and all convictions in # 82CR889 and # 82CR977 are affirmed. The sentences imposed for each of the remaining substantive crimes in # 82CR971 are set aside and the cause is remanded for resentencing to eliminate consideration of the two violent crime convictions and to eliminate consideration of the improper factors cited in this opinion.

The sentences imposed in # 82CR889 and # 82CR977 are set aside and the causes are remanded for resentencing to eliminate consideration of the improper factors set forth above in this opinion.

BABCOCK and TURSI, JJ., concur.