**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Vance Leslie Bert ATENCIO,**
**Defendant–Appellant.**

**No. 88CA0195.**

Colorado Court of Appeals,
Div. V.

July 6, 1989.

Rehearing Denied Aug. 17, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Cynthia D. Jones, Asst. Atty. Gen., Denver, Colo., for plaintiff-appellee.

Paul E. Valentine, Fort Collins, for defendant-appellant.

SMITH, Judge.

The defendant, Vance Leslie Bert Atencio, appeals a judgment entered on a jury verdict convicting him of sexual exploitation of children. We affirm.

In 1985, defendant's daughter reported to authorities that defendant had taken nude photographs of her in 1983, when she was fifteen. Although no films or prints were then found, based on his daughter's testimony, the defendant was charged with sexual assault and sexual exploitation of a child in regard to the 1983 incident. The defendant admitted responsibility for the crimes charged and, in lieu of criminal prosecution, entered into a diversionary program through a written agreement with the district attorney. The defendant successfully completed this program.

In 1987, the defendant sent undeveloped film to California for processing. The prints from that film were the 1983 photographs of defendant's daughter. Through cooperation with the film processor, the prints were repackaged, sent to the defendant's home, and later seized under a search warrant. The conviction here at issue followed.

### I.

The defendant contends that his prosecution for the crime of sexual exploitation of a child was precluded by his participation in the adult diversion program. Defendant argues that because the incident alleged in the present information and the incident which was the subject matter of the 1985 action are one and the same, the immunity he was granted for successfully completing the adult diversion program bars this prosecution. We disagree.

Section 19–10–111, C.R.S. (1986 Repl.Vol. 8B) governed participation in the diversion program. Section 19–10–111(3), C.R.S. (1986 Repl.Vol. 8B) specifically provides:

"If the person diverted successfully completes the diversion program to the satisfaction of the county department and the district attorney, he shall be released from the terms and conditions of the program, and no criminal filing for the case shall be made against him."

This grant of immunity is further defined in the defendant's agreement with the county district attorney. That agreement provides that immunity is limited to the incident or events which led to the defendant's participation in the program. Furthermore, it specifically states that immunity does not extend to new acts of exploitations admitted to by the defendant.

Thus, the issue raised by the defendant's contention is whether the acts described in the present charge are acts which led to the defendant's participation in the adult diversion program or are new acts of exploitation.

All witnesses testified that the 1985 action was premised upon the defendant's act of posing his daughter and *taking* sexually exploitative photographs of her in 1983. In contrast, the present charge is premised on his *preparing* and *arranging* the sexually exploitative photographs for processing and printing in 1987.

Because the exposed film involved in the 1985 action was not then recovered, the acts which led to the defendant's participation in the adult diversion program were necessarily limited to the acts associated with the *taking* of the photographs in 1983. The single fact that the photographs which the defendant arranged to develop and have printed probably derive from the same photograph sessions which were at issue in the 1985 action is insufficient to support the defendant's contention of identical incidents.

Section 18–6–403(3), C.R.S. (1986 Repl. Vol. 8B) specifically distinguishes between the two types of conduct with which the defendant has been charged, and each may independently support a charge of sexual exploitation of a child. Furthermore, the

defendant's interpretation of the scope of immunity granted under the adult diversion program would lead to the conclusion that once granted immunity, a defendant would have blanket protection to use the photographs thereafter in whatever manner he chose. Such a result is unreasonable and is clearly contrary to the intent of § 18–6–403, C.R.S. (1986 Repl.Vol. 8B).

We conclude, therefore, that the defendant's act of preparing and arranging for processing and printing the photographs constitutes a new crime of sexual exploitation of a child and, thus, falls outside the immunity granted the defendant in the adult diversion program.

II.

The defendant next contends that the trial court erred in denying his request for a bill of particulars. We disagree.

The defendant argues that he was unable to prepare his defense given the multitude of acts in violation of the statute which were included in the information.

The decision to grant or deny a bill of particulars is vested in the sound discretion of the trial court and will not be disturbed on review absent evidence of abuse. *Balltrip v. People,* 157 Colo. 108, 401 P.2d 259 (1965).

■ Here, the defendant was aware that the prosecution would proceed under § 18–6–403, and he was given a long but definitive list of the conduct on which the charge was based. Thus, the defendant possessed the essential information which was necessary to avoid surprise, to direct discovery, and otherwise to prepare for trial. Thus, we hold the trial court properly denied the defendant's motion for a bill of particulars.

III.

Next, the defendant argues that the trial court erred in failing to suppress the seized prints. We disagree.

The defendant asserts that the delivery of the repackaged prints to the defendant, followed within hours by a search for the very prints just delivered, constitutes an unreasonable search under the Fourth Amendment.

When challenging governmental investigative activity as an unreasonable search, the first inquiry is whether or not the intrusion constitutes a "search," that is, whether or not the individual had a reasonable expectation of privacy with respect to the governmental intrusion. *Illinois v. Andreas,* 463 U.S. 765, 103 S.Ct. 3319, 77 L.Ed.2d 1003 (1983); *People v. Santistevan,* 715 P.2d 792 (Colo.1986).

■ Here, we conclude that when the defendant delivered the unexposed film to a film processor with the request that a proof sheet of prints be prepared and returned to him, he forfeited any expectation of privacy in the film's contents. Thus, the "intrusion" of the government, namely repackaging and delivering the prints to the defendant and then recovering the prints under a valid search warrant, fails to constitute an unreasonable "search" under the Fourth Amendment or Colo. Const. art. 2, § 7.

Therefore, the trial court properly denied the defendant's motion to suppress the seized prints.

IV.

Finally, the defendant contends that the trial court erred in ruling that there was sufficient evidence to sustain a conviction of sexual exploitation of a child.

The defendant argues that the prosecution offered no evidence that he had an erotic purpose in developing the photographs and that, thus, it failed to prove an essential element of the crime.

■ In contrast to the defendant's contention, the record discloses that sufficient evidence was introduced from which a fair minded jury could find, beyond a reasonable doubt, that the defendant's purpose in processing the film was sexual gratification, not mere identification of what pictures were on the film. *See People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

The defendant relies on his own testimony to support his argument that he had no

sexual intent. However, determining the credibility of the witnesses and the weight to be given the evidence are functions solely for the jury. *People v. Gonzales*, 666 P.2d 123 (Colo.1983). Thus, since here there was sufficient evidence to support the jury's finding, and the jury was properly instructed, the jury's determination will not be disturbed on review.

Judgment affirmed.

JONES and MARQUEZ, JJ., concur.