The ⎺⎺OPLE of the State of Colorado, Plaintiff–Appellee,

v.

Eric LAURSON, Defendant–Appellant.

No. 99CA0051.

Colorado Court of Appeals, Div. V.

June 8, 2000.

Certiorari Denied Jan. 16, 2001.

Ken Salazar, Attorney General, Elizabeth Rohrbough, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

C. Keith Pope, Boulder, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Eric Laurson, appeals the judgment of conviction entered upon jury verdicts finding him guilty of (1) felony murder of one victim and (2) attempted second degree murder, first degree assault, and attempted aggravated robbery of another victim. He also appeals the sentences imposed. We affirm.

Defendant arranged to purchase drugs from one of the victims through a mutual acquaintance. However, after the victims and several other people picked up defendant to sell him the drugs, they robbed him instead.

Defendant subsequently obtained the names of those persons who had robbed him and formulated a plan to rob the victims'

group. He instructed the acquaintance to arrange a drug transaction between the victims' group and defendant's friend.

On the night of the transaction, the victims and two other people met the defendant's friend in a parking lot. Instead of selling drugs to the friend, however, the victims began assaulting him.

Defendant then arrived in his van. Upon seeing the approaching van, most of the victims' group ran away. When defendant exited the van, the remaining person also ran. Defendant chased after the group and shot the two victims in the back. One of the victims died of the gunshot wounds.

## I.

Although he acknowledges that self-defense is not an available defense to felony murder, *People v. Renaud*, 942 P.2d 1253 (Colo.App.1996), or to aggravated robbery, *People v. Beebe*, 38 Colo.App. 80, 557 P.2d 840 (1976), defendant contends the trial court erred in refusing to instruct the jury on the right of self-defense concerning the charges for attempted second degree murder and first degree assault. Specifically, he contends the trial court erred in finding there was no evidence to support a self-defense instruction. We are not persuaded.

A trial court has the duty to instruct the jury properly on all matters of law. *People v. Hardin*, 199 Colo. 229, 607 P.2d 1291 (1980).

If the record contains any evidence tending to establish self-defense, a defendant is entitled to have the jury instructed concerning it. *Idrogo v. People*, 818 P.2d 752 (Colo.1991). However, the court should not instruct on an abstract principle of law unrelated to the issues in controversy. *People v. Silva*, 987 P.2d 909 (Colo.App.1999).

Section 18–1–704, C.R.S.1999, defines the affirmative defense of self-defense, in pertinent part, as follows:

[A] person is justified in using physical force upon another to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by that other per-

son, and he may use a degree of force which he reasonably believes to be necessary for that purpose.

■ Here, all of the witnesses testified that the victims' group assaulted defendant's friend. However, there was no evidence presented which indicated that defendant would have had a reasonable belief that he needed to use force to protect himself against the use of force. To the contrary, the record reveals that the victims' group ran from the scene after defendant exited his vehicle.

■ Sometime before the assault on his friend, defendant asked the acquaintance whether "these guys [the victims' group] have guns?" Defendant argues that his query to the acquaintance is some evidence that he believed the victims' group might be armed. This belief however, either by itself or in conjunction with other evidence, does not establish a reasonable belief that the use of physical force against defendant was actually about to occur. See People v. Suazo, 867 P.2d 161 (Colo.App.1993) (the threat, or perceived threat of injury must occur at or near the time of the acts on which the charge is based). Rather, the fact that the victims fled upon defendant's exit from the vehicle leads to the opposite conclusion.

■ Defendant further points to testimony from a witness that, when he exited the van, "somebody made a comment to [the defendant]." He asserts that this testimony provides some evidence sufficient to support self-defense. However, because there is no evidence of the content of the comment, we reject this contention.

■ Defendant also cites other testimony indicating that the victims had a character for aggression and liked to fight. However, such character evidence concerning the victims is also insufficient to establish a reasonable belief that unlawful physical force was about to be used against defendant after he exited the vehicle, given the flight of the victims' group. Although, as defendant contends, the victims' character for aggression is circumstantial evidence of the identity of the aggressors, see People v. Jones, 675 P.2d 9 (Colo.1984), there is no dispute here that

members of the victims' group were the initial aggressors toward defendant's friend.

Defendant asserts that the fact that he was outside the van and witnessed four people assaulting his friend, when the same group of people had recently robbed him, is sufficient to trigger a reasonable belief that the use of unlawful physical force against him was imminent. While this evidence supports an instruction concerning defense of another, it is insufficient to support a self-defense instruction in a case where, as here, there is no evidence that any member of the victims' group acted aggressively toward defendant.

■ We also reject defendant's contention that close proximity to an armed assault involving multiple assailants itself constitutes evidence of a reasonable fear of imminent physical force. To support his contention, defendant cites People v. Beasley, 778 P.2d 304 (Colo.App.1989), People v. Silva, supra, and People v. Montoya, 928 P.2d 781 (Colo. App.1996). The defendants in those cases, however, were not merely in close proximity to an assault, but were actually engaged in mutual combat. Because defendant was not involved in the physical altercation, which ended when he exited his vehicle, those cases are inapposite here.

Accordingly, because we conclude there was no evidence from which a jury could determine that defendant held a reasonable belief that the use of unlawful physical force against him was imminent, the trial court properly refused to instruct the jury on the affirmative defense of self-defense.

In view of this disposition, we need not address defendant's contention that the trial court employed an incorrect legal standard in analyzing the self-defense issue.

## II.

Defendant next contends the trial court erred when it rejected his tendered instructions pertaining to prior violence by the victims, the character for aggression of one of the victims, and the absence of a legal duty to retreat. We disagree.

Defendant tendered several instructions regarding self-defense and defense of anoth-

er. The court rejected the instructions and instead instructed the jury as follows:

It is an affirmative defense to the crime of murder in the first degree (after deliberation), and the lesser offenses of second degree murder, reckless manslaughter, that the defendant used deadly physical force upon another person if he:

1. reasonably believed a lesser degree of force was inadequate, and

2. had reasonable grounds to believe, and did believe, that another person was in imminent danger of being killed or of receiving great bodily injury.

It is an affirmative defense to the crime of criminal attempt to commit murder in the first degree, first degree assault and the lesser offenses of criminal attempt to commit murder in the second degree, attempted reckless manslaughter and second degree assault that the defendant used physical force upon another person:

1. in order to defend a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by that other person, and

2. he may use a degree of force which he reasonably believes to be necessary for that purpose.

### A.

■ Defendant first asserts this instruction did not permit the jury to consider the reasonableness of his actions given his knowledge of the victims' prior acts of violence. However, the instruction tracked *COLJI–Crim.* No. 7:16 (1983), the pattern jury instruction, and conformed to the language of the self-defense statute, § 18–1–704, C.R.S.1999.

■ An instruction in the language of the statute is generally considered to be sufficient. *People v. Gallegos,* 950 P.2d 629 (Colo. App.1997); *People v. Luu,* 813 P.2d 826 (Colo.App.1991).

The supreme court has held that the instruction given here adequately advises the jury that it is to consider the totality of the circumstances in evaluating the reasonableness of a defendant's actions. *Beckett v. People,* 800 P.2d 74 (Colo.1990). It has fur-

ther concluded that the instruction permits the jury to consider whether, from the defendant's viewpoint, he was justified in using force in self-defense. *Hare v. People,* 800 P.2d 1317 (Colo.1990).

■ Thus, while we agree that defendant's knowledge of the victims' prior acts of violence was relevant evidence for the jury to consider, we conclude that an instruction specifically directing the jury to consider this evidence was unnecessary. *See People v. Ridenour,* 878 P.2d 23 (Colo.App.1994) (not error for the court to refuse a tendered instruction, even if correct in legal effect, if other instructions apprise jury of appropriate law).

Accordingly, because the trial court's instructions adequately apprised the jury of the law concerning defense of another, the court did not err in rejecting the additional instruction tendered by defendant.

### B.

■ Defendant contends the court erroneously rejected his tendered instruction that (1) the victim's character trait for aggression was relevant in determining who was the initial aggressor; and (2) if defendant was not the initial aggressor, he did not have a duty to retreat before using force to defend himself or another. We are not persuaded.

■ Although an instruction is warranted when there is some evidence to support it, the trial court should not instruct on an abstract principle of law unrelated to the issues in controversy. Nor should the trial court give an instruction based upon interpretations of facts unsupported by the record. *People v. Manzanares,* 942 P.2d 1235 (Colo.App.1996).

Here, although defendant arranged the meeting with the victims' group so he could rob them, it is undisputed that the victims' group initiated the physical assault on defendant's friend. At trial, there was no conflict in the evidence as to how the fight began or who started it, and neither party raised the issue of whether defendant was the initial aggressor.

Thus, because defendant's tendered initial aggressor instructions were irrelevant and unnecessary, the trial court did not err in rejecting them.

## III.

■ Defendant next asserts the trial court erred in denying his motion for mistrial. Again, we disagree.

■ A mistrial is a drastic remedy that is warranted only when prejudice to the accused is so substantial that its effect on the jury cannot be remedied by any other means. Because the trial court is in a better position to evaluate any adverse effect that improper testimony might have upon a jury, it has discretion to determine whether a mistrial is warranted. Absent a gross abuse of that discretion and prejudice to the defendant, we will not disturb a trial court's decision to grant or deny a motion for a mistrial. *People v. Johnson*, 987 P.2d 855 (Colo.App.1998).

Defendant asserts the trial court should have granted a mistrial as a result of testimony given by the acquaintance that defendant had a pending case against him at the time the shootings occurred. The court agreed that the witness' reference to other criminal behavior, and the implied reference to defendant's aggressive and dangerous character, were improper. Nevertheless, the court denied the motion, noting that this was one isolated reference, and that the jurors already knew from the circumstances of the case that defendant had previously engaged in criminal activity. Additionally, the trial court instructed the prosecution not to use the testimony in closing argument. Defendant rejected the court's offer to provide a curative instruction.

We perceive insufficient prejudice to defendant under these circumstances to warrant reversal. We agree with the trial court that the jury was aware that defendant was involved in criminal activity. Accordingly, denial of the mistrial motion was not an abuse of discretion.

## IV.

■ Defendant next asserts the trial court erred in denying his motion for bill of particulars because he was unable properly to prepare his defense to attempted robbery and felony murder. We disagree.

■ The decision to grant or deny a request for bill of particulars is vested in the sound discretion of the trial court and its ruling will not be disturbed on review absent an abuse of that discretion. *People v. Atencio*, 780 P.2d 46 (Colo.App.1989).

■ The purpose of a bill of particulars is to enable the defendant properly to prepare a defense in cases in which the indictment, although sufficient to advise a defendant of the charges raised, is nonetheless so indefinite in its statement of a particular charge that it does not afford a fair opportunity to procure witnesses and prepare for trial. *Erickson v. People*, 951 P.2d 919 (Colo.1998).

■ When addressing such motions, the trial court should consider whether the requested information is necessary for the defendant to prepare his defense and to avoid prejudicial surprise. *Erickson v. People, supra*.

Here, defendant requested the prosecution to specify the substantial step toward attempted robbery upon which it would rely, and also to specify the point at which the substantial step occurred. He contends that, because his defense to attempted robbery and felony murder was abandonment, this information was essential to his defense.

We agree with the trial court that (1) the charging document, (2) the preliminary hearing, and (3) the provided discovery sufficiently put defendant on notice of the charges against him. Further, although we agree that there were several events that occurred over the course of several days from which the jury could determine that defendant took a substantial step toward commission of aggravated robbery, there is only one event, the second meeting with the victims' group in the parking lot, during which defendant could have arguably abandoned the robbery. This event occurred in a discrete place, during a short period, with the same witnesses present at all times.

Thus, because defendant possessed the essential information to procure witnesses, to prepare his defense, and to avoid surprise, the trial court properly denied his motion.

### V.

Defendant next asserts that, because attempted second degree murder is a lesser-included offense of first degree assault, the convictions must merge. We disagree.

The rule of merger precludes a conviction for a crime that is a lesser-included offense of another crime for which the defendant has also been convicted in the same prosecution. An offense is "lesser included" for purposes of merger when proof of the essential elements of the greater offense necessarily establishes all the elements required to prove the lesser offense. *Boulies v. People*, 770 P.2d 1274 (Colo.1989).

As pertinent here, first degree assault requires proof that, acting with an intent to cause serious bodily injury to another person, defendant inflicted serious bodily injury with a deadly weapon. Section 18–3–202(1)(a), C.R.S.1999.

A person is guilty of the crime of attempted second degree murder, however, if that person, acting with an awareness that death is practically certain to result, engages in conduct constituting a substantial step toward causing the death of a person. *People v. Gonzales*, 926 P.2d 153 (Colo.App.1996); § 18–3–103(1), C.R.S.1999.

Because proof of first degree assault does not prove an awareness that death is practically certain to result from the attempted conduct, we conclude that attempted second degree murder is not a lesser-included offense of first degree assault.

Accordingly, we reject defendant's contention.

### VI.

Defendant next contends the trial court erred by imposing consecutive, rather than concurrent, sentences for attempted aggravated robbery of the surviving victim and felony murder of the deceased victim, because the jury may have relied on identical evidence to convict defendant of the charges as to each victim. Using the same rationale, defendant also asserts that the sentence for first degree assault of the surviving victim must be imposed concurrently with the term for felony murder. We disagree.

When criminal counts are based on the same act or series of acts arising from the same criminal episode and the evidence supporting the counts is identical, concurrent sentencing is required, except when multiple victims are involved. When multiple victims are involved, the court may, within its discretion, impose consecutive sentences. Section 18–1–408(3), C.R.S.1999; *see People v. Page*, 907 P.2d 624 (Colo.App.1995).

Here, the trial court imposed the statutorily required life sentence for the felony murder of the deceased victim. It also imposed a sentence of twelve years for the attempted second degree murder and twelve years for the first degree assault of the surviving victim, consecutive to the life sentence but concurrent to each other. The court also imposed a sentence of six years for attempted aggravated robbery to run consecutively to the other sentences.

Even if we assume, without deciding, that the convictions for attempted aggravated robbery and first degree assault were based upon identical evidence, the statute specifically authorizes the imposition of consecutive sentences because two separate victims were involved. Therefore, the two sets of sentences may run consecutively to each other. Accordingly, we reject defendant's contention.

Because we have found no error, we necessarily reject defendant's final contention of cumulative error.

The judgment of conviction and sentences are affirmed.

Judge RULAND and Judge VOGT concur.