The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Walter O'DELL, Defendant-Appellant.

No. 00CA1656.

Colorado Court of Appeals, Div. IV.

Sept. 27, 2001.

As Modified on Denial of Rehearing Nov. 8, 2001.

Certiorari Denied Aug. 26, 2002.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000.

Ken Salazar, Attorney General, Esteban A. Martinez, Assistant Attorney General, Catherine P. Adkisson, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Walter O'Dell, appeals the sentences imposed following his plea of guilty to first degree criminal trespass and three counts of felony menacing. We affirm.

Defendant was originally charged with first degree burglary, criminal mischief, first degree criminal trespass, three counts of felony menacing, wiretapping, harassment by stalking, two counts of violation of a restraining order, and resisting arrest. He agreed to plead guilty to the criminal trespass and felony menacing counts in exchange for dismissal of the remaining charges. The trial court sentenced him to six years in the Department of Corrections (DOC) on the criminal trespass conviction and six years on each of the three menacing convictions, the latter sentences to run concurrently with one another but consecutive to the criminal trespass sentence.

## I.

Initially, we reject the People's contention that defendant is precluded under § 18–1–409(1), C.R.S.2001, from challenging the propriety of the sentences on appeal.

■ Section 18–1–409(1) provides for appellate review of the propriety of a sentence except in cases where the sentence imposed "is within a range agreed upon by the parties pursuant to a plea agreement." The People argue that this statute bars review of a sentence whenever a defendant is advised at the providency hearing of the range of penalties applicable to the offense to which he or she is pleading guilty. We do not agree.

■ In interpreting a statute, a reviewing court must determine and give effect to the intent of the General Assembly. To this end, we look first to the statutory language, affording the words their plain and ordinary meaning. *Weld County School Dist. RE–12 v. Bymer,* 955 P.2d 550 (Colo.1998); *People v. Wilson,* 972 P.2d 701 (Colo.App.1998).

The plain language of § 18–1–409(1) requires an agreement by the parties to a sentencing range. Here, although defendant was advised of the penalties applicable to the offenses to which he was pleading guilty, there is no indication in the record that his plea agreement included any type of agreed sentencing range or cap. Thus, the § 18–1–409(1) language quoted above does not apply.

In their petition for rehearing on this issue, the People argue that the statutory language is unambiguous, but nevertheless urge us to consider legislative history, not previously presented to us, that they contend supports their construction of the statute. However, because we view the statutory language as plainly and unambiguously supporting the interpretation set forth above, we do not consider the legislative history cited by the People. *See People v. Zapotocky,* 869 P.2d 1234, 1238 (Colo. 1994)("When the statutory language is clear and unambiguous, the statute must be interpreted as written without resort to interpretive rules and statutory construction").

## II.

Defendant contends that the trial court abused its discretion by imposing the maximum aggravated sentence on each count and ordering one sentence to run consecutive to the other three, resulting in a total sentence of twelve years. He also argues that the trial court failed to make adequate findings to support the sentences. We disagree.

■ A trial court has broad discretion in imposing a sentence. Because of that court's familiarity with the circumstances of the case, the sentence imposed is to be accorded deference on review and will not be overturned absent a clear abuse of discretion. *People v. Fuller,* 791 P.2d 702 (Colo.1990).

■■ In exercising sentencing discretion, a trial court must consider the nature of the offense, the character and rehabilitative potential of the offender, the development of respect for the law and the deterrence of crime, and the protection of the public. If the sentence is within the range required by law, is based on appropriate considerations as reflected in the record, and is factually supported by the circumstances of the case, an appellate court must uphold it. *People v. Fuller, supra.*

■ As a general rule, when a defendant is convicted of multiple offenses, the sentencing court has discretion to impose consecutive or concurrent sentences. *Qureshi v. District Court,* 727 P.2d 45 (Colo.1986). Further, because there were multiple victims involved here, the court could have ordered the felony menacing sentences to run consecutively to one another, as the prosecution requested. *See* § 18–1–408(3), C.R.S.2001; *People v. Laurson,* 15 P.3d 791 (Colo.App. 2000).

■ First degree criminal trespass and felony menacing are class five felonies with a presumptive sentence range of one to three years imprisonment. *See* §§ 18–1–105(1)(a)(V)(A), 18–3–206, 18–4–502, C.R.S. 2001. A trial court is authorized to impose a sentence of up to six years for each such offense if it finds extraordinary aggravating circumstances. *See* § 18–1–105(6), C.R.S. 2001.

When, as here, a court imposes an aggravated sentence that is not based on a factor set forth in § 18–1–105(9)(a), C.R.S. 2001, the court must make specific findings, supported by evidence in the record of the sentencing hearing or the presentence report, detailing the extraordinary aggravating factors present. *See* § 18–1–105(7), C.R.S. 2001; *People v. Leske,* 957 P.2d 1030 (Colo. 1998).

Factors that the court may consider as extraordinary aggravating circumstances include unusual aspects of the defendant's character, past conduct, habits, health, and age; the events surrounding the crime; a pattern of conduct indicating whether the defendant is a serious danger to society; past convictions; and the possibility of rehabilitation. The court also may consider facts tending to establish an element of an offense, as long as it relates those facts to the particular defendant and the circumstances of the crime. *People v. Leske, supra.*

In imposing sentence here, the trial court stated at the outset that it was considering defendant's prior record, the circumstances of the crime, the interests and safety of the community, defendant's need for rehabilitation and correction, and the deterrence of crime.

Contrary to defendant's contention, the court recognized, as mitigating factors, his limited criminal history, his serious mental health problems, and the absence of physical injury to the victims. However, it also found that defendant's crimes involved a threat of serious bodily injury to three people who had "opened their lives and hearts" to him, including a thirteen-year-old girl. Having heard testimony that defendant's actions caused the victims ongoing fear and anguish in their everyday lives, the court observed that the crime would be "in the victims' minds for the remainder of their lives."

The court noted that, at the time defendant committed the crimes, he was under a deferred judgment from another state for a violent crime and that, according to the presentence report, he appeared to be at high risk of reoffending. The presentence report had also characterized the risk posed by defendant to the victims as "extremely high."

The court heard evidence regarding defendant's past pattern of abusive conduct. Such evidence could be considered in determining whether defendant was a serious danger to society. *See People v. Leske, supra.* Moreover, contrary to defendant's contention, we do not read the sentencing hearing transcript as indicating that the court based its sentence on uncharged and unproven hearsay allegations from other cases.

Weighing the aggravating circumstances against the mitigating factors, the court declined to make all the sentences consecutive, as requested by the prosecution, but nevertheless determined that a substantial and lengthy sentence was required for the protection of the community and, in particular, the victims.

The trial court's findings are sufficient to explain its sentencing decision and are supported by the record. Therefore, that decision will not be reversed on appeal. *See People v. Gholston,* 26 P.3d 1 (Colo.App.2000)(information showing that defendant was a danger to society was sufficient to support aggravated sentence).

The sentences are affirmed.

Judge RULAND and Judge ROTHENBERG concur.