**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 28 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SCOTT JANKE,

        Petitioner - Appellant,

v.

JUANITA NOVAC; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents - Appellees.

No. 01-1334
(D.C. No. 01-D-11)
(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **ANDERSON** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Scott Janke, a Colorado state prisoner proceeding pro se, requests a certificate of appealability (COA) to permit this court to review the merits of the district court's order denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (no appeal unless COA issued). He also seeks leave to proceed on appeal *in forma pauperis*; that request is granted. Because we determine that Mr. Janke has not made a substantial showing of the denial of a constitutional right, we deny issuance of a COA and dismiss the appeal.

Mr. Janke was convicted by a jury of kidnaping and sexually assaulting four women. He entered a guilty plea to an additional sexual assault charge involving a fifth woman. His convictions at issue here were affirmed on direct appeal, and on remand for resentencing, he was sentenced to sixty-four years' imprisonment. *People v. Janke*, 720 P.2d 613 (Colo. Ct. App. 1986). He filed a post-conviction motion with the state court on which he eventually received a hearing. The state trial court issued written findings of fact and denied relief. That decision was affirmed by the state appellate court. *People v. Janke*, No. 98CA0900 (Colo. Ct. App. May 4, 2000).

Mr. Janke then filed the underlying habeas petition claiming he was denied his constitutional rights to testify at his trial and to receive the effective assistance of counsel. He further asserts that he is entitled to habeas relief based

2

on newly discovered evidence. We apply the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996).

*Right to testify*

There is no dispute that a defendant has a constitutional right "to take the witness stand and to testify in his or her own defense." *Rock v. Arkansas*, 483 U.S. 44, 49 (1987). The Supreme Court has held that "[t]here is a presumption against the waiver of constitutional rights, and for a waiver to be effective it must be clearly established that there was an intentional relinquishment or abandonment of a known right or privilege." *Brookhart v. Janis*, 384 U.S. 1, 4 (1966) (quotation and citations omitted). Mr. Janke argues that the state appellate court's post-conviction holding unreasonably applied Supreme Court law by stating that "the legality of the judgment and the regularity of the proceedings leading up to the judgment are presumed. The burden is on the defendant to establish by a preponderance of the evidence the allegations of his motion." *Janke*, No. 98CA0900, slip op. at 3. Therefore, according to him, he is entitled to habeas relief under § 2254(d)(1) (habeas application "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or

3

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States").

Following a post-conviction hearing, the state trial court made the following written findings of fact: Mr. Janke's trial attorney advised him prior to trial of his right to testify, Mr. Janke was clearly aware of his right to testify, and he understood throughout the trial that he could decide whether or not to testify regardless of his attorney's advice. R. doc. 13, Ex. B at 5. In addition, the state trial court found not credible Mr. Janke's claim that he told his attorney that he had decided to testify during the defense case. *Id.* doc. 13, Ex. B at 4.

The presumption of correctness accorded to factual findings applies to rulings by either a state trial court or a state appellate court. *Bryan v. Gibson*, 276 F.3d 1163, 1170 n.3 (10th Cir. 2001). Therefore, we need not address Mr. Janke's argument that the state appellate court's decision was contrary to or an unreasonable application of Federal law because the state trial court's findings of fact provide an ample foundation for determining Mr. Janke's legal claims.

Whether Mr. Janke understood his right to testify is a question of fact; the legal question is whether his waiver was knowing and intelligent. *See Valdez v. Ward*, 219 F.3d 1222, 1231 (10th Cir. 2000) (applying AEDPA to evaluate whether petitioner waived *Miranda* rights), *cert. denied*, 532 U.S. 979 (2001). Consequently, we presume the state trial court's factual findings are correct,

4

"unless Mr. [Janke] convinces us otherwise by clear and convincing evidence." *Id.* (citing § 2254(e)(1)).

Mr. Janke argues only that the evidence could be interpreted to his advantage. He points to no contradiction between the evidence and the findings of fact, and he offers no further evidence to rebut the state trial court's factual findings. *See id.* We have considered the facts that Mr. Janke was aware of his right to testify throughout the trial and he did not tell his attorney he had decided to testify in light of the law holding a valid waiver of a constitutional right must be knowing and intentional. We conclude that the adjudication of Mr. Janke's right-to-testify claim was not contrary to or an unreasonable application of Federal law. A COA is denied on this claim.

*Ineffective assistance of counsel*

To establish ineffective assistance of counsel, Mr. Janke must show both that his attorney's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced his defense and deprived him of a fair trial with a reliable result. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Mr. Janke claims his trial attorney provided constitutionally ineffective assistance of counsel by failing to advise him adequately of his right to testify and by preventing him from testifying when, during trial, he changed his mind and decided to testify.

5

Claims of ineffective assistance of counsel are mixed questions of fact and law. *Id.* at 698. Therefore, we apply § 2254(e)(1)'s presumption of correctness to the state trial court's findings of fact, and we uphold the decision that trial counsel was not ineffective if it was not contrary to or an unreasonable application of clearly established Federal law, § 2254(d)(1). As discussed above, because he failed to rebut the finding with clear and convincing evidence, we are bound by the finding that Mr. Janke was aware of his right to testify throughout his trial. Furthermore, the state trial court found not credible his claim that he changed his mind about testifying and that he conveyed this decision to his attorney, so we must reject Mr. Janke's assertion to the contrary. Accordingly, we hold that Mr. Janke has failed to demonstrate that his trial attorney's performance was deficient.

We need not address *Strickland*'s prejudice criterion because Mr. Janke did not show that his attorney's performance was objectively unreasonable. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002). We note, however, that contrary to Mr. Janke's argument, neither the state appellate court nor the federal district court found that his trial attorney's performance was deficient. Rather, both courts stated that even if Mr. Janke had demonstrated his attorney's deficient performance, he failed to show that he was prejudiced. We agree with this assessment because Mr. Janke has not suggested what his trial testimony would

6

have been or how it would have affected the outcome. Mr. Janke is not entitled to a COA on his claim of ineffective assistance of counsel.

*Newly discovered evidence*

Finally, Mr. Janke asserts that he is entitled to relief based on newly discovered evidence. He claims that years after his trial had concluded, he discovered an alibi witness when he learned that one of the crimes had occurred on his twenty-first birthday, which he had celebrated with friends. He also claims he discovered that he had been administered strong medication before and during his trial, which may have affected his ability to participate in his defense.

We will address this claim, even though Mr. Janke failed to exhaust it by presenting it to the state court. Generally, a habeas petition containing both exhausted and unexhausted claims will be dismissed. *Hoxsie v. Kerby*, 108 F.3d 1239, 1242 (10th Cir. 1997) (citing 28 U.S.C. § 2254(b)). A habeas petition may be denied on the merits, however, even though the petitioner has failed to exhaust state remedies. 28 U.S.C. § 2254(b)(2). Where, as here, the claim has no merit, it will be denied without requiring useless state-court litigation to accomplish the exhaustion rule. *Hoxsie*, 108 F.3d at 1242-43; *see also Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir.) (declining to address complex procedural bar issues because case more easily decided on merits), *cert. denied*, 531 U.S. 982 (2000).

7

To be entitled to relief based on newly discovered evidence, Colorado law requires, among other things, that the evidence could not have been discovered before trial or entry of a guilty plea, despite the exercise of reasonable diligence by the defendant and his attorney, and that it would probably result in an acquittal. *Mason v. People*, 25 P.3d 764, 767 (Colo. 2001) (en banc) (setting criteria for newly discovered evidence following guilty plea); *People v. Gutierrez*, 622 P.2d 547, 559-60 (Colo. 1981) (same for new trial after guilty verdict). Here, the dates of the crimes were clearly available to Mr. Janke and his attorney before trial, so the claim that the date of one crime qualifies as newly discovered evidence is without merit. We also reject his claim that he is entitled to a new trial based on newly discovered evidence that he was administered psychotropic drugs before and during his trial. His allegations that the drugs adversely affected his ability and diminished his capacity to participate in his trial are insufficient to show that neither he nor his attorney could have discovered that he was receiving the medications and that the medication records were unavailable before trial. Accordingly, we conclude that the evidence Mr. Janke claims was discovered after his trial and guilty plea could have been discovered before trial and would not probably result in an acquittal. Consequently, Mr. Janke is not entitled to a COA on this ground.

8

Mr. Janke's request to proceed on appeal without prepayment of costs and fees is granted.  APPEAL DISMISSED.

Entered for the Court


Robert H. Henry
Circuit Judge