**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Ernest J. VENSOR, Defendant–Appellant.**

**No. 03CA1983.**

Colorado Court of Appeals, Div. I.

Jan. 27, 2005.

As Modified Feb. 17, 2005.

Certiorari Denied Aug. 8, 2005.

John W. Suthers, Interim Attorney General, Cheryl Hone, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Karen N. Taylor, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

CARPARELLI, J.

Defendant, Ernest J. Vensor, appeals from the imposition of consecutive indeterminate sentences of twenty-five years to life following his guilty pleas to sexual assault on a child in two cases. We affirm, but remand for correction of the mittimuses.

In exchange for the dismissal of other charges against him, defendant pleaded guilty to an amended count of sexual assault on a child, a class four felony, in two cases.

Pursuant to § 18–1.3–1004, C.R.S.2004 (formerly codified at § 16–13–804), of the Colorado Sex Offender Lifetime Supervision Act (the Act), the trial court sentenced defendant to indeterminate terms of twenty-five years to life imprisonment and ordered that the sentences be served consecutively. This appeal followed.

## I.

■ Defendant contends that the trial court illegally imposed a minimum term of twenty-five years imprisonment because it is more than the maximum term in the aggravated range for a class four felony. We disagree.

Section 18–1.3–1004(1)(a), C.R.S.2004, provides that a sex offender must be sentenced to "an indeterminate term of at least the minimum of the presumptive range specified in section 18–1.3–401 for the level of offense committed and a maximum of the sex offender's natural life."

Section 18–1.3–401(1)(a)(V)(A), (6), C.R.S. 2004, provides that the presumptive range for a class four felony is two to six years and that the maximum in the aggravated range is twelve years.

Defendant argues that, under the Act, the maximum term in the aggravated range constitutes the upper limit of the minimum term.

Thus, he contends that the trial court could not impose a minimum term greater than twelve years in each of the two cases.

A similar argument was considered and rejected by a division of this court in *People v. Larson*, 97 P.3d 246 (Colo.App.2004). There, the defendant argued that the minimum term under the Act could not exceed the maximum term in the presumptive range. The division concluded:

The Act creates specific sentencing provisions for a specific type of felony—sexual offenses—whereas the general sentencing provisions in § 18–1.3–401 create presumptive ranges that apply to general classes of felonies. The sentencing provisions of the Act therefore supplant the presumptive ranges in § 18–1.3–401, and the appropriate sentence for a sex offense is determined by the Act rather than by the general sentencing statute.

The Act specifically designates the shortest possible minimum term, but *nothing in the Act creates a maximum limit on the minimum term*. Thus, although the court must derive the minimum of the indeterminate sentence by looking to the presumptive ranges in § 18–1.3–401, the presumptive ranges do not create a cap on the possible minimum term.

... To conclude otherwise would be to read a provision into the Act that does not exist.

*People v. Larson, supra*, 97 P.3d at 252 (citations omitted; emphasis added).

Although the issue in *Larson* was whether the minimum term under the Act could exceed the maximum term in the presumptive rather than the aggravated range, we agree with the reasoning in *Larson* and find it equally applicable here. As such, we conclude that the Act does not prohibit the court in its discretion from imposing an indeterminate sentence with a minimum term that exceeds the maximum term in the aggravated range. *Cf. People v. Vigil*, 104 P.3d 258 (Colo.App.2004) (*cert. granted* 2004 WL 2926003 (Dec. 20, 2004))(concluding that minimum term under the Act for habitual sex offenders may exceed the mandatory term

set forth in §§ 18–1.3–801(1.5) and 18–1.3–401(1)(a)(V)(A)).

Defendant argues that this interpretation of the Act is inconsistent with the Act's legislative history. However, we do not look to legislative history when the language of the Act is clear and unambiguous. *See People v. Goodale,* 78 P.3d 1103, 1107 (Colo.2003)(if a statute is clear and unambiguous, it must be interpreted as written; "[o]nly when the statute is unclear or ambiguous may we look beyond the words of the statute to legislative history").

Nor do we address defendant's argument that this interpretation of the Act also violates his constitutional right to due process. Because defendant did not make this argument in the trial court, it is not properly before us. *See People v. Lesney,* 855 P.2d 1364 (Colo.1993)(constitutionality of statute not raised in trial court is not preserved for review); *People v. Skinner,* 53 P.3d 720 (Colo.App.2002)(declining to address constitutionality of habitual criminal statutes for first time on appeal).

## II.

■ Defendant contends that the trial court also violated his constitutional right to due process by considering "uncharged and unproved hearsay allegations" at sentencing, more specifically, by considering the testimony of other families whose children claimed to have been molested by defendant. We disagree.

■ A sentencing court is largely unconstrained as to the evidence it may consider during the sentencing phase of criminal proceedings. *Witte v. United States,* 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995); *see* CRE 1101(d)(3) (Colorado Rules of Evidence do not apply in sentencing hearings). The range is broad as to both the information considered relevant to the exercise of a court's sentencing discretion and the quality of such information. While a sentence may not be based on "materially untrue" evidence, a sentencing court may, in evaluating the nature of the offense and the character of the offender, consider conduct for which the offender was never charged, conduct for which charges were filed but later dismissed as part of a plea agreement, or even conduct for which the defendant was charged and subsequently acquitted. *People v. Newman,* 91 P.3d 369, 372 (Colo.2004).

Here, nothing in the record suggests that the statements made by these other families were untrue. Furthermore, the statements were relevant both to defendant's character and to his potential for rehabilitation. *See People v. Valencia–Alvarez,* 101 P.3d 1112 (Colo.App.2004)(factors to consider in imposing sentence include the offender's character and rehabilitative potential). Thus, we conclude that the sentencing court did not err in considering these families' testimony.

Defendant's reliance on *People v. Janke,* 720 P.2d 613 (Colo.App.1986), and *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), is misplaced. In *Janke,* unlike here, the sentencing court surmised, without any supporting evidence, that the defendant had raped other victims. And *Crawford* involves the constitutional right to confront witnesses at trial, not at sentencing. The heightened due process standards required at trial do not apply at sentencing. *See* CRE 1101(d)(3); *People v. Padilla,* 907 P.2d 601 (Colo.1995).

## III.

■ Defendant nevertheless contends that the trial court abused its discretion by imposing such lengthy sentences "with no explanation whatsoever for its decision, other than that it was following the probation department's recommendation." Although the sentencing court's explanation for its decision was not lengthy, we nevertheless conclude that it was sufficient.

■ A court's sentencing decision will not be disturbed on appeal absent a clear abuse of discretion. *People v. Watkins,* 684 P.2d 234 (Colo.1984); *People v. O'Dell,* 53 P.3d 655 (Colo.App.2001). To constitute an abuse of discretion, a sentence must be manifestly arbitrary, unreasonable, or unfair. *People v. Koehler,* 30 P.3d 694 (Colo.App.2000).

■ In exercising its sentencing discretion, the trial court must consider the nature

of the offense, the character and rehabilitative potential of the offender, the development of respect for the law, the deterrence of crime, and the protection of the public. *People v. Valencia–Alvarez, supra.* However, the court need not engage in a point-by-point discussion of every factor relevant to its sentencing decision. A reasonable explanation for the sentence will suffice, provided the record demonstrates that the court evaluated the essential factors and considered the evidence supporting the sentence. *People v. McAfee,* 104 P.3d 226 (Colo.App.2004).

Here, defendant was sentenced under § 18–1.3–1004(1)(a), not § 18–1.3–401(7), C.R.S.2004. Therefore, the court was not required to make specific findings to identify extraordinary circumstances and reasons for varying from the presumptive sentencing range.

Before imposing sentence, the court noted that although defendant did not have an extensive criminal background, that fact may have made the trauma to the victims "even worse because they never saw it coming." The court also stated: "[The probation department's] recommendations are based upon extensive work within the community and within our system. I rely heavily on the probation department and their recommendations, and I am going to follow the recommendations in this case."

Although the presentence report acknowledges defendant's "lack of criminal history and apparent lack of illegal drug use," it also notes that defendant continued to downplay his behavior and to deny the numerous accusations against him. It also contains specific information regarding defendant's conduct and admissions regarding that conduct.

With regard to a possible community corrections or probationary sentence, the report acknowledges that rehabilitation as well as "just punishment and a sentence which provides an illustration of deterrence in the community" must be considered. Accordingly, the report then opines that "defendant's lack of remorse and his deflection of blame to the victim(s) make him an extremely poor candidate for community based treatment and supervision" and that a sentence to probation would "unduly depreciate the seriousness of the crimes" and would pose "an undue risk that during a period of probation" defendant would commit another crime.

Finally, the report concludes: "Based on the nature and circumstances of the crime and taking under consideration the defendant's psycho-sexual evaluation[,] the undersigned officer recommends" that defendant's application for probation be denied and that he be sentenced to consecutive terms of twenty-five years imprisonment.

We conclude that the court's findings, when combined with the contents of the presentence report, provide both sufficient justification for the sentences imposed and sufficient evidence that the court exercised proper discretion in imposing them.

Consequently, because the sentences imposed are within the range required by law, are based on appropriate considerations as reflected in the record, and are factually supported by the circumstances of the case, we will not disturb them. *See People v. Fuller,* 791 P.2d 702 (Colo.1990); *Rocha v. People,* 713 P.2d 350 (Colo.1986); *People v. Warren,* 200 Colo. 110, 612 P.2d 1124 (1980).

### IV.

Although the parties did not raise the issue in their briefs, we note that each mittimus incorrectly reflects that defendant pleaded guilty to sexual assault on a child by one in a position of trust in violation of § 18–3–405.3(1), rather than to sexual assault on a child in violation of § 18–3–405(1). Therefore, on remand, we direct the trial court to amend each mittimus accordingly. *See* Crim. P. 36 (clerical mistakes in judgments may be corrected by the court at any time).

The sentences are affirmed, and the cases are remanded for correction of each mittimus.

Judge MARQUEZ and Judge LOEB concur.