**UNITED STATES COURT OF APPEALS**

**May 6, 2016**

**TENTH CIRCUIT**

ERIC LAURSON,

        Petitioner - Appellant,

   v.

RANDY LIND; CYNTHIA
COFFMAN, The Attorney General of
the State of Colorado,

        Respondents - Appellees.

No. 15-1476
(D.C. No. 1:15-CV-00933-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **HARTZ**, **MURPHY,** and **PHILLIPS**, Circuit Judges.

     Proceeding *pro se*, Eric Laurson seeks a certificate of appealability

("COA") from this court so he can appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no

appeal may be taken from a final order disposing of a § 2254 petition unless the

petitioner first obtains a COA). Because Laurson has not "made a substantial

showing of the denial of a constitutional right," this court **denies** his request for a

COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

     In 1998, a Colorado jury convicted Laurson of first degree (felony) murder,

attempted second degree murder, first degree assault, and attempted aggravated

robbery. He was sentenced to life imprisonment without the possibility of parole plus eighteen years. Laurson challenged both his convictions and his sentence in a direct criminal appeal, arguing, *inter alia*, the trial court erred by failing to properly instruct the jury and by denying his motion for mistrial. *People v. Laurson*, 15 P.3d 791, 794-96, 797 (Colo. App. 2000). The Colorado Court of Appeals rejected all of Laurson's claims and affirmed his convictions and sentence. *Id*. at 798. Laurson's subsequent petition for certiorari to the Colorado Supreme Court was denied. Laurson then sought post-conviction relief by filing two *pro se* Colo. R. Crim. P. 35(c) motions in state court.[1] He was unsuccessful at having his convictions overturned.

On June 18, 2015, Laurson filed an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the District of Colorado. Laurson identified the following alleged errors: (1) trial counsel was ineffective for failing to request jury instructions and the trial court erred by failing to instruct the jury on a lesser-included offense, (2) trial counsel was biased against him, (3) the trial court improperly permitted prejudicial evidence to be introduced, (4) a biased juror was seated on the jury, (5) his trial counsel was ineffective for failing to act in his best interest and failing to keep him informed,

---

[1] The first of these motions appears to have languished in Colorado state court for more than ten years.

(6) he was tried while incompetent, and (7) his federal due process rights were violated when a state statute was applied in an unconstitutional manner.

Respondents filed a pre-answer response, arguing Laurson's § 2254 petition should be dismissed because the claims he sought to raise were not properly exhausted in state court. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) ("In order to satisfy the exhaustion requirement, a federal habeas corpus petitioner must show that a state appellate court has had the opportunity to rule on the same claim presented in federal court, or that at the time he filed his federal petition, he had no available state avenue of redress." (citation omitted)). The district court noted the Colorado Court of Appeals declined to address claims (1), (2), (4), and (5) because they were presented to the appellate court in a "skeletal" manner during Laurson's first round of post-conviction proceedings. Based on this, the district court concluded the claims were procedurally defaulted in Colorado state court and the state procedural bar was independent and adequate. As to the remaining claims, the district court concluded Laurson failed to fairly present those claims to the Colorado state court because he did not "alert[] the [state] court to the alleged federal nature of the claim[s]." *Baldwin v. Reese*, 541 U.S. 27, 33 (2004); *see also Duncan v. Henry*, 513 U.S. 364, 366 (1995) (holding a § 2254 habeas claim is not exhausted unless it was presented to the state courts as a federal constitutional claim). The court further ruled these unexhausted claims would be procedurally barred in state court. *See Moore v. Schoeman*, 288

F.3d 1231, 1233 n.3 (10th Cir. 2002) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.").

The district court concluded Laurson failed to demonstrate cause for the default and actual prejudice or a fundamental miscarriage of justice. *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998). Accordingly, the court dismissed Laurson's § 2254 petition with prejudice for failure to exhaust his state court remedies.

Laurson cannot appeal the district court's dismissal of his habeas application unless he first obtains a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c). To be entitled to a COA, Laurson must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct).

Our review of the record demonstrates the district court's dismissal of Laurson's § 2254 petition with prejudice for failure to exhaust state remedies is not deserving of further proceedings or subject to a different resolution on appeal.

This court **denies** Laurson's application for a certificate of appealability and **dismisses** this appeal. Laurson's motion to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge