**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellant,**

v.

**Jim Dale PATRICK,**
**Defendant–Appellee.**

**No. 87SA419.**

Supreme Court of Colorado,
En Banc.

April 17, 1989.

Rehearing Denied May 15, 1989.

Barney Iuppa, Dist. Atty., Karla J. Hansen, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellee.

ERICKSON, Justice.

The prosecution appeals the trial court's order excluding evidence of a child-victim's out-of-court hearsay statements based upon its finding that section 13–25–129, 6A C.R.S. (1987), was unconstitutional as applied and that the prosecution could not corroborate the hearsay statements.[1] The statements were made by C.M., a minor female who was allegedly sexually assaulted by Patrick, her stepfather. The trial court was informed that the exclusion of C.M.'s statements prevented the prosecution from proving that Patrick sexually assaulted C.M., and the court dismissed the charge without prejudice. The prosecution appealed. We reverse and remand with directions.

## I.

On February 19, 1986, an information was filed by the El Paso County District Attorney charging Patrick with sexual assault on a child in violation of section 18–3–405, 8B C.R.S. (1986). Patrick allegedly sexually assaulted his stepdaughter while he was baby sitting on January 18, 1986. At the time of the assault C.M. was thirteen and Patrick was thirty-six years old.

Before trial, Patrick filed a motion in limine requesting the trial court exclude the out-of-court hearsay statements made by C.M. which accused Patrick of committing the assault. On October 8, 1987, the court conducted a hearing on Patrick's motion in limine, which stated that C.M. would testify at trial. When the motion was heard, however, C.M. was living in Kentucky with her aunt, who was awarded permanent custody of C.M. by a Kentucky court. Efforts to subpoena C.M. to testify at Patrick's trial were unsuccessful. The Kentucky court refused to cooperate and C.M.'s aunt would not permit C.M. to return to Colorado to testify. Accordingly, the trial court found that C.M. was unavailable to testify. *See* § 13–25–129, 6A C.R.S. (1987) and CRE 804.

Section 13–25–129 creates a hearsay exception for out-of-court statements made by a child describing acts of sexual abuse, and provides in pertinent part:

(1) An out-of-court statement made by a child, as child is defined under the statutes which are the subject of the action, describing any act of sexual contact, intrusion, or penetration ... is admissible in evidence in any criminal, delinquency, or civil proceedings in which a child is a victim of an unlawful sexual offense ... if:

(a) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and

(b) The child either:

(I) Testifies at the proceedings; or

(II) *Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.*[2]

(Emphasis added.)

The trial court summarily concluded, without first holding a hearing, that under

---

1. Since the evidence was excluded and the charges were dismissed prior to trial, section 16–12–102, 8A C.R.S. (1986), provides the jurisdictional basis for this appeal.

2. The trial court's analysis and exclusion of the hearsay statements focused on section 13–25–129. However, the court also considered the hearsay exceptions in CRE 804(b) and found that none of the exceptions applied. The trial court did not address CRE 804(b)(5). CRE 804(b)(5) is a general exception to the hearsay rule and provides that if the declarant is unavailable, the hearsay rule does not exclude:

A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact;

section 13–25–129(1)(b)(II) there was insufficient corroborative evidence of the sexual assault to allow the hearsay evidence to be admitted. As such, at the close of counsels' arguments, the trial court ruled that C.M.'s proffered testimony was inadmissible. The prosecution was therefore denied the opportunity to call witnesses or otherwise present corroborative evidence.

After the trial court entered its oral ruling excluding the evidence, the prosecution made an offer of proof stating that they could present some corroborative evidence that Patrick sexually assaulted C.M. The prosecution's offer of proof was (1) that a social worker would testify that four days after the alleged assault, Patrick told her that he "was feeling lonely and left out, and he had gone into his daughter's bedroom for reassurance" and "the next thing that he [Patrick] knew, [C.M.] was fighting with him and he realized he had his hands in places they shouldn't be;" (2) that a relative of Patrick would have testified that the day after the alleged assault Patrick told him that he had cut himself with a razor blade "for punishment;" and (3) that a youth services worker would testify that C.M. told him that she was awakened by Patrick lying on top of her, telling her not to "fight it" and touching her genitals through her sleepwear.

After the prosecution made its offer of proof, the trial court declared that: "[A]ssuming that there is sufficient corroborative evidence under the statute, then the court finds that that statute is unconstitutional as applied to these facts in this case beyond a reasonable doubt as denying the right to confrontation completely."

(B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

On the morning of trial, the prosecution informed the trial court that it could not appeal the court's evidentiary ruling pursuant to C.A.R. 4.1 because the court had ruled on a motion in limine and not on a motion to suppress.[3] The prosecution requested that the court issue a "final order" from which it could then appeal. In response to the prosecution's request, the trial court dismissed the case without prejudice.

## II.

In considering challenges to hearsay evidence based on the confrontation clauses of the United States and Colorado constitutions, a case-by-case analysis is applied. *People v. Oliver*, 745 P.2d 222, 226 (Colo. 1987); *People v. Dement*, 661 P.2d 675, 680 (Colo.1983). *See also Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). As such, it is imperative that there be some factual record made by the trial court which states why the evidence proffered under section 13–25–129 is inadmissible and causes the statute to be unconstitutional as applied. Here, the trial judge noted that section 13–25–129 "is unconstitutional as applied to *these facts*," and violates the confrontation clause. However, the scant record before us does not indicate what factual circumstances caused the trial court to conclude that the statute was unconstitutional. We again stress that we cannot determine the as-applied constitutionality of a statute based upon an incomplete record of the facts.

Accordingly, we remand to the trial court with directions that the trial court prepare

There is no evidence in the record before us that the prosecution attempted to introduce C.M.'s statements under CRE 804(b)(5). *See also* CRE 803(24), which is identical to CRE 804(b)(5).

3. C.A.R. 4.1 may be used only to appeal from pre-trial suppression hearings required by Crim. P. 41(e) and 41(g). *See People v. Cobbin*, 692 P.2d 1069 (Colo.1984); *People v. McNulty*, 173 Colo. 491, 480 P.2d 560 (1971); *People v. Thornburg*, 173 Colo. 230, 477 P.2d 372 (1970). By contrast, section 16–12–102, 8A C.R.S. (1986), permits the prosecution to appeal "any decision of the trial court in a criminal case upon any question of law."

a factual statement as to why the statute is unconstitutional as applied. We note that should the trial court, upon reconsideration, determine that the statute is not unconstitutional, then an evidentiary hearing must be held to determine whether the corroborative evidence presented by the prosecution in its offer of proof is sufficient to bring C.M.'s out-of-court hearsay statements within the exception provided by section 13–25–129.