Strafford
No. 2009-357

THE STATE OF NEW HAMPSHIRE

v.

DANIEL FICHERA

Argued: April 22, 2010
Opinion Issued: September 17, 2010

*Michael A. Delaney*, attorney general (*Thomas E. Bocian*, assistant attorney general, on the brief and orally), for the State.

*David M. Rothstein*, deputy chief appellate defender, of Concord, on the brief and orally, for the defendant.

CONBOY, J. Following a jury trial, the defendant, Daniel Fichera, was convicted of second degree assault. On appeal, he contends that the Trial Court (*Brown*, J.) erred in imposing an enhanced sentence pursuant to RSA 651:2, II-g (2007). We affirm.

The record supports the following facts. The defendant separated from the victim, his wife, in 2003. Several months later, the victim agreed to meet the defendant to discuss obtaining a variance to a parcel of property that they owned jointly, which they accessed through a neighbor's driveway. When the victim arrived at the defendant's home, she agreed to drive with him in his recreational vehicle (RV) to the parcel; she thought that she and the defendant were going to meet with the neighbor at the neighbor's house. When they arrived at the neighbor's house, the house was dark. The defendant stated that the neighbor would be along soon and that they should wait at the parcel; he suggested they have a picnic while waiting. As time passed and the neighbor did not arrive, the defendant became more agitated. He asked the victim to write on a piece of paper that she was an adulterous woman. He then retrieved a shotgun from the RV. When the victim attempted to leave, the defendant grabbed her and pushed her into the RV. When she again tried to leave, he blocked her. Subsequently, he pulled a pair of handcuffs and duct tape from a bag and attempted unsuccessfully to handcuff the victim. After some time, as the sun was setting, the victim told him she had to leave. He told her, "Woman, I love you so much . . . but you're gonna die." He then shot her in the chest. As she attempted to escape, he caught her and, using the rifle as a club, beat her on the back of her head and the back of her shoulders. When the defendant ran back to the RV, the victim was able to escape to a neighbor's house.

The defendant was subsequently indicted on charges of attempted murder, first degree assault, and kidnapping. The attempted murder indictment alleged that he "did shoot [the victim] in the chest with a shotgun." The first degree assault indictment alleged that he caused bodily injury to the victim by "strik[ing her] in the head with the butt end of a shotgun."

Near the end of trial, the court and counsel discussed jury instructions, including lesser included offense instructions. The defendant argued, *inter alia*, that as to the attempted murder charge, the evidence was insufficient to support an instruction on first degree assault as a lesser included offense, but was sufficient to support an instruction on second degree assault. The court instructed the jury on second degree assault as a lesser included offense of attempted murder. The defendant was convicted of second degree assault. The trial court, after finding "that the jury could only have

found the defendant guilty of the lesser included second-degree assault if they also found that he used a firearm," imposed an enhanced sentence pursuant to RSA 651:2, II-g.

On appeal, the defendant argues that, in order to seek an enhanced sentence, the State was required either to indict him for second degree assault with a firearm or to sufficiently charge the firearm enhancement in the attempted murder indictment. Citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), he contends that because no indictment alleged the firearm enhancement, the trial court had no authority to impose the enhanced sentence. In addition, he cites the trial court's failure to instruct the jury that in order to convict him of second degree assault, it had to find that he used a firearm. The defendant contends that, absent a specific finding by the jury that he used a firearm, the enhancement statute is not applicable. We note that the defendant does not cite a provision of the State Constitution; we therefore confine our constitutional analysis to the requirements of the Federal Constitution. *See State v. Lamarche*, 157 N.H. 337, 340 (2008).

RSA 651:2, II-g provides:

> If a person is convicted of a felony, an element of which is the possession, use or attempted use of a deadly weapon, and the deadly weapon is a firearm, such person may be sentenced to a maximum term of 20 years' imprisonment in lieu of any other sentence prescribed for the crime. The person shall be given a minimum mandatory sentence of not less than 3 years' imprisonment for the first offense and a minimum mandatory sentence of not less than 6 years' imprisonment if such person has been previously convicted of any state or federal offense for which the maximum penalty provided was imprisonment in excess of one year, and an element of which was the possession, use or attempted use of a firearm. Neither the whole nor any part of the minimum sentence imposed under this paragraph shall be suspended or reduced.

█ We begin with the defendant's argument that *Apprendi* requires the State to have charged this sentencing enhancement factor in an indictment. We will assume both that *Apprendi* sets forth requirements for indictments in state prosecutions, *compare State v. Ouellette*, 145 N.H. 489, 491 (2000) (construing *Apprendi* as applying to state indictment), *with Williams v. Haviland*, 467 F.3d 527, 531-32 (6th Cir. 2006) (noting explicit admonition in *Apprendi* that it was not addressing issue of requirements for indictments in state prosecutions), and that the indictments failed to adequately allege use of a firearm. We agree with the State, however, that this error is

subject to harmless error review under the Federal Constitution. *See Washington v. Recuenco*, 548 U.S. 212, 218-22 (2006). An *Apprendi* violation concerning an omission from an indictment may constitute harmless error where the evidence is overwhelming that the grand jury would have found the fact at issue. *See United States v. Confredo*, 528 F.3d 143, 156 (2d Cir. 2008), *cert. denied*, 129 S. Ct. 1654 (2009).

■ Here, the grand jury returned an indictment for attempted murder that alleged that the defendant shot the victim in the chest with a shotgun. It returned a second indictment for first degree assault alleging that the defendant caused bodily injury by means of a deadly weapon by striking the victim in the head with the butt end of a shotgun. At trial, the defendant did not dispute that the victim was shot in the chest, and there was no evidence of the use of any deadly weapon other than a shotgun. Furthermore, the State presented uncontroverted testimony from Marc Dupre, a criminalist at the department of safety laboratory, that the shotgun was a firearm. We conclude that these circumstances establish, beyond a reasonable doubt, that the grand jury would have found the shotgun to be a deadly weapon and a firearm.

■ Because an omission in the indictment means that the defendant had no notice from the indictment of the omitted allegations, a harmless error analysis may also require consideration of whether the defendant was prejudiced thereby. *See United States v. Salazar-Lopez*, 506 F.3d 748, 754 n.6 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 2523 (2008). In this case, however, the issue of an enhanced sentence under RSA 651:2, II-g did not arise until the defendant requested that the trial court instruct the jury on reckless second degree assault as a lesser included offense of attempted murder. The jury was instructed, without objection, that an element of second degree assault was that the defendant caused bodily injury to the victim by means of a deadly weapon, and the jury was instructed as to the definition of "deadly weapon." *See* RSA 625:11, V (2007). The reckless second degree assault statute itself provides that if the deadly weapon is a firearm, the defendant shall be sentenced in accordance with RSA 651:2, II-g. RSA 631:2, I(b). Based upon the record before us, we conclude that any lack of notice arising from the wording of the indictments was harmless beyond a reasonable doubt.

■ The defendant also argues that absent a specific finding by the jury that he used a firearm, the enhancement statute is not applicable. He contends that the trial court's failure to give a firearm instruction is the equivalent of failure to instruct on an element of the offense. Even assuming that the trial court so erred, we note that under the Federal

Constitution, such an error is subject to harmless error analysis. *See Washington v. Recuenco*, 548 U.S. at 218-22; *Neder v. United States*, 527 U.S. 1, 9-15 (1999). Here, the jury was instructed that to find second degree assault it must find that the defendant caused bodily injury to the victim by means of a deadly weapon. The defendant did not dispute that the victim was shot in the chest; there was no evidence of the use of any deadly weapon other than a shotgun; and there was uncontroverted testimony that the shotgun was a firearm. As the trial court aptly found, the jury could only have found the defendant guilty of the lesser included second-degree assault charge if they also found he used a firearm. We conclude that any error arising out of the failure of the trial judge to instruct the jury regarding use of a firearm was harmless beyond a reasonable doubt.

We reiterate that the defendant did not cite a provision of the State Constitution. We therefore do not decide whether the alleged failures to charge the firearm enhancement in an indictment and to instruct the jury regarding use of a firearm constituted errors under the State Constitution or, if they did, whether such errors would be subject to a harmless error analysis. *See Lamarche*, 157 N.H. at 340.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.