Opinion by JUDGE WEBB
¶ 1 This sentencing appeal presents a novel question in Colorado-if a trial court sentences in the aggravated range based on facts not found by a jury, can the sentence be affirmed based on harmless error, if the record shows beyond a reasonable doubt that a reasonable jury would have found those facts, had the jury been requested to do so by special interrogatory?[1] Many other courts-both federal and state-have answered it in the affirmative. We now join them.
¶ 2 A jury acquitted Christopher Anthony Mountjoy, Jr., of more serious charges, but convicted him of manslaughter, illegal discharge of a firearm (reckless), and tampering with physical evidence. The trial court imposed a sentence in the aggravated range on each count, to be served consecutively. On appeal, he challenges only the aggravated range sentences, primarily under Blakely v. Washington , 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We affirm.
I. Background
¶ 3 As the sergeant-at-arms of a motorcycle club, defendant was responsible for security.
¶ 4 According to the prosecution's evidence, the victim was involved in a fight on the club's premises. The victim discovered that his wallet was missing shortly after leaving. Then he and a companion drove around *634 the area pondering whether to return and demand the wallet.
¶ 5 Defendant saw the car and fired eight shots as it drove away. Two bullets hit the car, one of which killed the victim. After the shooting, defendant directed other club members to "clean up" the area where the shooting occurred, and he deleted text messages related to the shooting from his cell phone.
II. Blakely Issues
¶ 6 Defendant first contends each of his aggravated range sentences violated Apprendi v. New Jersey , 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely . But even assuming that they did, how should we deal with the overwhelming evidence of guilt? We conclude that based on this evidence, a jury would have found the facts on which the trial court relied in imposing aggravated range sentences. And for this reason, we further conclude that Apprendi / Blakely error, if any, was harmless beyond a reasonable doubt.
A. Additional Background
¶ 7 The trial court enhanced defendant's sentences for each of his three convictions under section 18-1.3-401(6), C.R.S. 2015. This section permits a trial court to impose a sentence above a presumptive range if the court makes specific findings of extraordinary aggravating circumstances. See generally People v. Kitsmiller , 74 P.3d 376, 379-80 (Colo. App. 2002) (describing process by which trial court can enhance sentence beyond the presumptive range under section 18-1.3-401(6) ).
• The court found that the manslaughter conviction was extraordinarily aggravated because defendant used a weapon, tampered with evidence, admitted firing his weapon eight times, fired into a car with two people inside, and fired while the car was driving away.
• In finding that the illegal discharge conviction was extraordinarily aggravated, the court explained, "[s]omebody died," and, after the discharge, defendant had tampered with evidence.
• Similarly, the court deemed the tampering count extraordinarily aggravated because someone had died.
¶ 8 Based on these extraordinary aggravating circumstances, the trial court doubled the maximum presumptive range sentence for each conviction and imposed sentences of twelve years for manslaughter, six years for illegal discharge of a weapon, and three years for tampering with evidence. Then the court ordered defendant to serve these sentences consecutively.
B. Preservation and Standard of Review
¶ 9 The Attorney General concedes that defendant preserved his Apprendi / Blakely claim.
¶ 10 An appellate court reviews a constitutional challenge to sentencing de novo. See Lopez v. People , 113 P.3d 713, 720 (Colo. 2005). If the sentencing court committed constitutional error, an appellate court must reverse unless the error is harmless beyond a reasonable doubt. See Villanueva v. People , 199 P.3d 1228, 1231 (Colo. 2008).
C. Law
¶ 11 "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi , 530 U.S. at 490, 120 S.Ct. 2348. The "statutory maximum" for Apprendi purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant ." Blakely , 542 U.S. at 303, 124 S.Ct. 2531.
¶ 12 Applying Apprendi and Blakely , our supreme court has identified four types of facts that may constitutionally increase a defendant's sentence beyond the statutory maximum:
(1) facts found by a jury beyond a reasonable doubt; (2) facts admitted by the defendant; (3) facts found by a judge after the defendant stipulates to judicial fact-finding for sentencing purposes; and (4) facts regarding prior convictions.
*635 Lopez , 113 P.3d at 716. The first three types are " Blakely -compliant," while a prior conviction is " Blakely -exempt." See id. at 723.
¶ 13 In Washington v. Recuenco , 548 U.S. 212, 222, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), the Supreme Court applied the constitutional harmless error analysis of Neder v. United States , 527 U.S. 1, 15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), to a Blakely sentencing error. The Court explained that the sentencing error before it was indistinguishable from the instructional error in Neder because "sentencing factors, like elements ... have to be tried to the jury and proved beyond a reasonable doubt." Recuenco , 548 U.S. at 220, 126 S.Ct. 2546. Specifically, in both cases, the trial judge, rather than the jury, had found the omitted element or aggravating factors. See Medina v. People , 163 P.3d 1136, 1142 n. 6 (Colo. 2007). But no Colorado appellate decision has applied harmless error analysis in this context.
¶ 14 In cases decided both before and after Recuenco , a majority of the federal circuits have held Apprendi/ Blakely error harmless if the record shows beyond a reasonable doubt that a jury would have found the fact or facts relied on to aggravate, had the jury been asked to do so. See, e.g. , United States v. Mann , 786 F.3d 1244, 1251-52 (10th Cir. 2015) ; United States v. King , 751 F.3d 1268, 1278-80 (11th Cir. 2014) ; United States v. Harakaly , 734 F.3d 88, 95-97 (1st Cir. 2013) ; United States v. Salazar-Lopez , 506 F.3d 748, 752-56 (9th Cir. 2007) ; United States v. Pittman , 418 F.3d 704, 710 (7th Cir. 2005) (applying plain error review but also concluding the error "would fall short under harmless error review as well"); United States v. Matthews , 312 F.3d 652, 665-67 (5th Cir. 2002) ; United States v. Strickland , 245 F.3d 368, 379-81 (4th Cir. 2001) (applying plain error and concluding, "beyond a reasonable doubt, that had the [drug] quantities been submitted to the jury, the jury's verdict would have been the same").
¶ 15 Many state appellate courts have reached the same result. See, e.g. , Campos v. State , 217 So. 3d 1, 8-9, No. CR-13-1782, 2015 WL 9264157, at *6 (Ala. Crim. App. Dec. 18, 2015) ; Lockuk v. State , 153 P.3d 1012, 1017 (Alaska Ct. App. 2007) ; State v. Hampton , 213 Ariz. 167, 140 P.3d 950, 966 (2006) ; Galindez v. State , 955 So.2d 517, 523-24 (Fla. 2007) ; People v. Nitz , 219 Ill.2d 400, 302 Ill.Dec. 418, 848 N.E.2d 982, 995 (2006) (applying plain error); Averitte v. State , 824 N.E.2d 1283, 1288 (Ind. Ct. App. 2005) ; State v. Reyna , 290 Kan. 666, 234 P.3d 761, 773 (2010) ; State v. Ardoin , 58 So.3d 1025, 1044-45 (La. Ct. App. 2011) ; People v. Harper , 479 Mich. 599, 739 N.W.2d 523, 547-49 (2007) ; State v. Dettman , 719 N.W.2d 644, 655 (Minn. 2006) ; State v. Payan , 277 Neb. 663, 765 N.W.2d 192, 204-05 (2009) ; State v. Fichera , 160 N.H. 660, 7 A.3d 1151, 1154 (2010) ; State v. McDonald , 136 N.M. 417, 99 P.3d 667, 669-71 (2004) ; State v. Cuevas , 263 Or.App. 94, 326 P.3d 1242, 1255-56 (2014), aff'd , 358 Or. 147, 361 P.3d 581 (2015) ; State v. Duran , 262 P.3d 468, 473-77 (Utah Ct. App. 2011) ; State v. LaCount , 310 Wis.2d 85, 750 N.W.2d 780, 797-98 (2008).
¶ 16 Defendant's supplemental brief does not cite contrary authority from any jurisdiction.
D. Application
¶ 17 Should we begin by considering whether any of the extraordinary aggravating circumstances the trial court identified in aggravating the sentences is either Blakely -compliant or Blakely -exempt, as "[o]ne Blakely - compliant or Blakely -exempt factor is sufficient to support an aggravated sentence"? Lopez , 113 P.3d at 731. Defendant invites us to do so and argues that we should answer "no" because, while the jury found some of the facts on which the court relied to impose aggravated range sentences, the court violated Blakely and Apprendi by using facts found on only one count to aggravate the sentence on a different count. Specifically, the jury's determinations were as follows:
• By finding defendant guilty of manslaughter, the jury concluded that he had recklessly caused the death of another person. But the jury's verdict on this count did not determine that defendant used a weapon, tampered with evidence, fired eight times, fired into a car occupied by two people, or fired while the car was driving away.
*636 • In finding the defendant guilty of illegal discharge of a weapon, the jury did not determine that someone had died or that defendant had tampered with evidence of the illegal discharge.
• And the jury did not determine that someone had died when finding defendant guilty of tampering with evidence.
¶ 18 Following this path would eventually require us to reconcile possibly inconsistent decisions of divisions of this court. Compare People v. Glasser , 293 P.3d 68, 79-80 (Colo. App. 2011) (Trial court impermissibly aggravated the defendant's sexual assault sentence based on jury interrogatory answer that the defendant used a weapon to perpetrate a kidnapping, explaining that "the jury did not find that defendant used the deadly weapon during the kidnapping."), with People v. Bass , 155 P.3d 547, 554-55 (Colo. App. 2006) (upholding aggravation of "use of a stun gun" offense based on "elderly" element of concurrent conviction for robbery of an at-risk adult).
¶ 19 Instead of picking a winner between these cases, neither of which contains significant analysis, we assume, but do not decide, that, for the reason defendant argues, the trial court committed an Apprendi / Blakely error. Then we consider whether this assumed error was harmless beyond a reasonable doubt. For the following reasons, we conclude that it was.
¶ 20 First, uncontroverted and incontrovertible evidence proved that the victim had died-a fact the trial court relied on when aggravating defendant's sentences for illegal discharge and tampering. Indeed, defendant admitted this fact by pleading self-defense. See People v. Roadcap , 78 P.3d 1108, 1113 (Colo. App. 2003) ("Self-defense is an affirmative defense under which a defendant admits doing the act charged, but seeks to justify, excuse, or mitigate his or her conduct."). We conclude beyond a reasonable doubt that had a special interrogatory been submitted as to either the illegal discharge and tampering charges, a reasonable jury would have found-in the trial court's words at sentencing-that "[s]omebody died."
¶ 21 Second, overwhelming evidence showed defendant's use of a handgun-a fact the trial court relied on when aggravating defendant's sentence for manslaughter. Surveillance footage introduced by the prosecution showed someone repeatedly firing at a car as it drove away. During his testimony, defendant acknowledged that he had shot at the car with the victim and another person inside. The medical examiner described the victim's "gunshot entrance wound to his left back." A crime lab technician explained that the bullet removed from the victim was "a .45-caliber projectile or consistent with a .45-caliber projectile," and defendant admitted that he had fired a .45-caliber handgun the night of the shooting. Again, we conclude beyond a reasonable doubt that had a special interrogatory been submitted as to manslaughter, a reasonable jury would have found that defendant fired a weapon.
¶ 22 Third, similarly overwhelming evidence showed defendant's guilt of tampering-a fact the trial court relied on when aggravating defendant's sentences for manslaughter and illegal discharge. Defendant testified that after the shooting, he "told people to go outside and clean up because we were closing the club up." And he testified to having deleted text messages from his cell phone:
Q Okay. And so you clear your phone because you don't want there to be evidence left behind of what happened, right?
A Correct.
Thus, we conclude beyond a reasonable doubt that had a special interrogatory been submitted as to either the manslaughter or the illegal discharge charge, a reasonable jury would have found that defendant tampered with evidence.
¶ 23 In sum, because the evidence was overwhelming on the three primary[2] facts the trial court used to aggravate defendant's sentences-someone died, defendant used a *637 weapon, and defendant tampered with evidence-we conclude that the assumed Blakely error was harmless beyond a reasonable doubt.
III. Extraordinarily Aggravated Finding
¶ 24 Although defendant does not dispute the legal basis for this harmless error analysis, he contends that even if the record shows the jury would have found the aggravating facts beyond a reasonable doubt, the jury-not the court-must also conclude that these facts constitute extraordinary aggravated circumstances. And because the jury did not do so, he continues, the harmless error analysis fails. But defendant cites no supporting authority. Regardless, and even assuming that defendant presented evidence and argument which could have persuaded the jury to find these facts were not extraordinarily aggravating,[3] this contention fails because it conflates the roles of judge and jury, and it thwarts the judge's role in sentencing.
A. Standard of Review and Preservation
¶ 25 Defendant asserts he preserved this claim, relying on the following statement by counsel at the sentencing hearing: "The jury did not find any of the facts [were] extraordinary aggravating [circumstances]." The Attorney General counters that this statement, taken in context, referred to the Blakely / Apprendi claim, not to defendant's claim that the jury must also decide whether facts are extraordinary aggravating circumstances.
¶ 26 Because counsel could have been attempting to articulate the argument defendant develops more thoroughly on appeal, whether this claim was preserved is a close question. Hence, we will assume that he preserved his claim. See, e.g. , People v. McMinn , 2013 COA 94, ¶ 17, --- P.3d ---- ("[W]e view the preservation issue as close, but we will assume without deciding" that defendant preserved the claim.).
¶ 27 Based on the above-cited authorities, we review de novo and must reverse unless the error, if any, is harmless beyond a reasonable doubt.
B. Law and Application
¶ 28 Our supreme court has rejected defendant's argument that the jury must find that allegedly aggravating facts constitute extraordinarily aggravating circumstances. Lopez , 113 P.3d at 726 n. 11. In Lopez , the court explained that "this determination is a conclusion of law that remains within the discretion of the trial court if it is based on Blakely -compliant or Blakely -exempt facts." Id. ; see also Bass , 155 P.3d at 555 (explaining Lopez 's holding "that a jury is not required to find that a fact is an 'extraordinary aggravating circumstance' " (quoting Lopez , 113 P.3d at 726 n. 11 )).
¶ 29 Thus, we perceive no error.
IV. Void for Vagueness
¶ 30 Defendant next contends section 18-1.3-401(6) is void for vagueness both on its face and as applied to him. We conclude that this issue is not properly before us.
A. Preservation
¶ 31 The Attorney General disputes that defendant preserved this challenge and argues that constitutional issues should not be considered for the first time on appeal, even as plain error, citing People v. Cagle , 751 P.2d 614, 619 (Colo. 1988).
¶ 32 Defendant concedes that he did not preserve his facial challenge, but asks us to review this claim because it is "likely to recur in our trial courts." As for the as-applied challenge, defendant asserts that he preserved this claim by arguing to the trial court that an aggravated range sentence would deprive him of "due process under the United States and Colorado constitutions." As well, he points out that below he raised "an issue of notice" and argued that an aggravated range sentence could be based on "whatever [the trial court] think[s] is aggravating."
¶ 33 These assertions fall short of showing preservation. At sentencing, defendant did not articulate "void for vagueness." Nor did he obtain a ruling on vagueness. See People v. Douglas , 2015 COA 155, ¶ 40, 412 P.3d 785 *638 (Defendant's counsel "declined to request a ruling on her objection, which amounts either to no objection at all, or, worse still, to an abandonment of the objection and a waiver of any right to assert error on appeal."). And he failed to tell the trial court how the sentencing statute was unconstitutional as applied to him, but not in all of its applications. See Colo. Ins. Guar. Ass'n v. Sunstate Equip. Co. , 2016 COA 64, ¶ 26, 405 P.3d 320 ("When asserting an as-applied challenge, the party 'contends that the statute would be unconstitutional under the circumstances in which the [party] has acted or proposes to act.' " (quoting Sanger v. Dennis , 148 P.3d 404, 410-11 (Colo. App. 2006) )).
¶ 34 For these reasons, we cannot allow defendant to dodge his obligation to give the trial court fair notice of-and, thus, an opportunity to make findings on-his specific constitutional objection to the sentencing statute. See, e.g. , People v. Smalley , 2015 COA 140, ¶ 81, 369 P.3d 737 (To preserve an issue for appeal, the trial court must have a "meaningful chance to prevent or correct the error.") (citation omitted). Thus, both defendant's facial and his as-applied challenges are unpreserved.
¶ 35 Even so, some cases decided since Cagle have held that an appellate court "may, as a matter of discretion, take up an unpreserved challenge to the constitutionality of a statute, but only where doing so would clearly further judicial economy." People v.Houser , 2013 COA 11, ¶ 35, 337 P.3d 1238 ; see also People v. Tillery , 231 P.3d 36 (Colo. App. 2009) (reviewing an unpreserved double jeopardy claim for plain error), aff'd sub nom. People v. Simon , 266 P.3d 1099 (Colo. 2011). We discern no reason to exercise our discretion and address either the unpreserved as-applied or facial challenges, although the latter requires a more detailed analysis.[4]
B. Unpreserved As-Applied Challenge
¶ 36 Our supreme court has rejected an as-applied constitutional challenge because it was not preserved. Townsend v. People , 252 P.3d 1108, 1113 (Colo. 2011) ("On appeal, he argued instead that the statute was unconstitutional as applied to him .... We will not consider constitutional arguments raised for the first time on appeal.") (citation omitted). So have many divisions of this court. See People v. Veren , 140 P.3d 131, 140 (Colo. App. 2005) (declining to review unpreserved as-applied challenge).[5]
¶ 37 Inadequacy of the record also disfavors addressing an as-applied challenge for the first time on appeal. See People v. Allman , 2012 COA 212, ¶ 15, 321 P.3d 557 ("Just as the absence of a sufficient record is a common basis for refusing to review unpreserved constitutional error, courts that have exercised their discretion to review such error have relied on the presence of a sufficiently developed record as a basis for doing so."). As noted in Veren , 140 P.3d at 140, to support an as-applied challenge, "it is imperative that the trial court make some factual record that indicates what causes the statute to be unconstitutional as applied." See also People v. Torres , 224 P.3d 268, 273 (Colo. App. 2009) (Trial court did not make findings of fact "concerning his due process and equal protection claims, specifically, concerning the identification of actual or potential victims," which would be relevant to an as-applied challenge.); cf . People v. Patrick , 772 P.2d 98, 100 (Colo. 1989) ("[I]t is imperative that there be some factual record made by the trial court which states why the evidence ... causes the statute to be unconstitutional as applied.").
¶ 38 Defendant limits his as-applied argument to asserting that because the prosecution did not identify extraordinary aggravating facts before sentencing, he "could only guess at what a sentencing court might decide were extraordinary aggravating circumstances"; he continues, "it was 'difficult if not impossible' for [him] to 'prepare a defense against' the allegation of extraordinary aggravating *639 circumstances." Had defense counsel raised these concerns before the trial court, it could have structured the proceedings to address them and then made appropriate findings. But because counsel failed to do so, we have no such findings to review.
C. Unpreserved Facial Challenge
¶ 39 Whether to exercise discretion and take up defendant's facial challenge requires us to consider judicial economy.
¶ 40 True enough, because defendant's constitutional claim only implicates sentencing, the trial would have occurred regardless. This factor favors taking up the unpreserved constitutional claim. See, e.g. , People v. Banks , 2012 COA 157, ¶ 117, 412 P.3d 417 (reviewing the defendant's unpreserved constitutional sentencing challenge in part because "the remedy for the error would be merely vacating the sentence in part and remanding for resentencing, not reversing and ordering a retrial"), aff'd in part and rev'd in part on other grounds by People v. Tate , 2015 CO 42, 352 P.3d 959.
¶ 41 But this view of judicial economy only goes so far. And looking further, defendant's assertion that addressing his claim would further judicial economy by saving the parties and the courts time and resources remains flawed in two ways.
¶ 42 First, viewed systemically, whenever appellate review of a constitutional challenge to a statute is foreclosed because it was not raised before the trial court, the challenge remains to be resolved in another case. But surrendering to this view would gut the preference for preservation and effectively require that all such challenges be entertained on appeal. Cf. Hagos v. People , 2012 CO 63, ¶ 23, 288 P.3d 116 (noting the need "to maintain adequate motivation among trial participants to seek a fair and accurate trial the first time" by raising the issue before the trial court).
¶ 43 Second, in criminal cases, the judicial economy inquiry assesses whether the issue is "likely to arise in a later proceeding below." Houser , ¶ 36. As the division in Houser explained, a likely ineffective assistance of counsel claim is a primary consideration. Id. at ¶¶ 37 -42 ("[T]he specter of an ineffective assistance claim favors permitting flawed appeals to proceed in the interest of judicial economy."); see also Estep v. People , 753 P.2d 1241, 1246 (Colo. 1988).
¶ 44 A closer look at defendant's vagueness challenge dispels this specter because we do not see how he could show that his trial counsel was ineffective for failing to have raised vagueness. See People v. Phillips , 652 P.2d 575, 580 (Colo. 1982) (holding that a predecessor to section 18-1.3-401(6) was not vague). Thus, by declining to take up defendant's constitutional claim now, we do not create a significant risk of protracting the proceedings with a meritorious postconviction ineffective assistance claim.
¶ 45 Lastly, defendant's assertion that a Supreme Court case announced since his trial- Johnson v. United States , --- U.S. ----, 135 S.Ct. 2551, 2557-60, 192 L.Ed.2d 569 (2015) -favors addressing his unpreserved constitutional claim is unpersuasive. Johnson overturned an increased sentence under the Armed Career Criminal Act because the Act's residual clause was impermissibly vague, rendering its application unpredictable and arbitrary. But a division of this court recently explained that Johnson does not alter Colorado's vagueness analysis. See People v. McCoy , 2015 COA 76M, ¶¶ 64-66, --- P.3d ----.
¶ 46 For these reasons, we decline to exercise our discretion and address defendant's unpreserved constitutional challenge to section 18-1.3-401(6). See People v. Whitlock , 2014 COA 162, ¶¶ 39-41, 412 P.3d 667 (declining to review facial and as-applied challenges because they were not raised below); People v. Fuentes-Espinoza , 2013 COA 1, ¶ 16, 417 P.3d 818 ("[W]e will not consider the unpreserved constitutional attack on the statute."); Tillery , 231 P.3d at 52 (declining to address an unpreserved facial challenge to a statute).
V. Consecutive Sentences
¶ 47 Finally, defendant contends the trial court abused its discretion in sentencing him consecutively on each conviction. We discern no abuse of discretion.
*640 A. Standard of Review and Preservation
¶ 48 Defendant has a right to appeal "the propriety of the sentence[.]" § 18-1-409(1), C.R.S. 2015.
¶ 49 An appellate court examines the trial court's decision to impose consecutive sentences for an abuse of discretion. People v. Fritts , 2014 COA 103, ¶ 39, 411 P.3d 842. "Sentencing is by its very nature a discretionary function, and because the trial court is more familiar with the defendant and the circumstances of the case, it is accorded wide latitude in its decisions on such matters." People v. Myers , 45 P.3d 756, 757 (Colo. App. 2001).
B. Law
¶ 50 A trial court may impose either concurrent or consecutive sentences where a defendant is convicted of multiple offenses. Juhl v. People , 172 P.3d 896, 899 (Colo. 2007). And when a trial court imposes consecutive sentences, an appellate court must affirm that decision "if there is any evidence in the record to support the findings that separate acts support each of the convictions." Fritts , ¶ 39. But when two or more offenses are supported by identical evidence, the sentences must run concurrently. § 18-1-408(3), C.R.S. 2015.
C. Application
¶ 51 The trial court highlighted that separate acts supported defendant's convictions for manslaughter and illegal discharge of a weapon:
Here, the evidence was that two bullets entered the car; one in the roof and one into the body of the car that killed [the victim]. So can the evidence support a reasonable inference that the convictions were based on separate evidence? And the answer is, Yes. The jury very well could have decided, We are convicting on illegal discharge of a firearm for the shot into the roof and convicted on the manslaughter for the bullet that went into the car and killed [the victim].
¶ 52 And the illegal discharge and manslaughter convictions were further distinct because they did not involve the same victim: both passengers in the car were victims of his illegal discharge conviction, whereas only the deceased was the victim of defendant's manslaughter conviction. Thus, we agree that defendant's convictions for illegal discharge and manslaughter are not supported by identical evidence and are therefore distinct. See, e.g. , People v. O'Dell , 53 P.3d 655, 657 (Colo. App. 2001) (explaining that when multiple convictions involve multiple victims, the sentencing court has discretion to impose consecutive sentences).
¶ 53 As well, the facts supporting the tampering with evidence conviction-defendant's instructions to "clean up" after the shooting and deleting his text messages-did not involve the same acts as either the illegal discharge or manslaughter convictions.
¶ 54 Thus, the trial court did not abuse its discretion in imposing consecutive sentences, as the record shows each conviction was supported by distinct evidence. See, e.g. , People v. Hogan , 114 P.3d 42, 58 (Colo. App. 2004) (Trial court did not abuse its discretion in imposing consecutive sentences when convictions require "proof of different elements," and "were supported by different evidence.").
VI. Conclusion
¶ 55 The sentences are affirmed.
JUDGE BOORAS concurs.
JUDGE J. JONES specially concurs.
¶ 56 I concur in the majority's judgment affirming defendant's sentences. But while I agree with much of the majority's reasoning, I write separately to address two issues the majority declines to address. First, I address whether the district court erred in relying on certain facts to enhance defendant's sentence, and conclude that it did not. Second, I address whether section 18-1.3-401(6), C.R.S. 2015, is, on its face, void for vagueness, and conclude that it is not.
I. Apprendi/Blakely Error
¶ 57 The district court enhanced the sentences on defendant's three convictions based on its conclusions that various facts of the *641 criminal episode constituted extraordinary aggravating circumstances. See § 18-1.3-401(6). As to each conviction, those facts were as follows:
1. Manslaughter.
• Defendant used a weapon.
• Defendant tampered with evidence.
• Defendant admitted firing his weapon eight times.
• Defendant fired into a car with two people inside.
• Defendant fired at the car while it was driving away.
2. Illegal discharge of a firearm.
• Someone died.
• Defendant tampered with evidence.
3. Tampering with evidence.
• Someone died.
¶ 58 Defendant argues that because the jury did not find any of these aggravating facts specifically in conjunction with the offenses to which the district court applied them,[1] the court violated his Sixth Amendment right to a trial by jury as expressed in Apprendi v. New Jersey , 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington , 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The majority assumes that the district court so erred, but holds that any such error was harmless. I agree with the majority's harmless error analysis, but rather than assuming, as the majority does, that the district court erred, I would conclude that the district court did not err.
¶ 59 As the majority points out, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi , 530 U.S. at 490, 120 S.Ct. 2348. In this context, the "statutory maximum" is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely , 542 U.S. at 303, 124 S.Ct. 2531. In Lopez v. People , 113 P.3d 713 (Colo. 2005), the supreme court identified four types of facts that a judge may rely on to enhance a defendant's sentence, consistent with Apprendi and Blakely :
(1) facts found by a jury beyond a reasonable doubt; (2) facts admitted by the defendant; (3) facts found by a judge after the defendant stipulates to judicial fact-finding for sentencing purposes; and (4) facts regarding prior convictions.
Id . at 716. In my view, the district court properly relied on facts falling within both the first and fourth categories.
¶ 60 In finding defendant guilty of manslaughter, the jury necessarily found, beyond a reasonable doubt, that someone died. See § 18-3-104(1)(a), C.R.S. 2015 (a person commits manslaughter if he "recklessly causes the death of another person"). Just as obviously, in finding defendant guilty of illegal discharge of a firearm and tampering with evidence, the jury necessarily found, beyond a reasonable doubt, that defendant used a weapon and tampered with evidence, respectively. See § 18-12-107.5(1), C.R.S. 2015 (a person illegally discharges a firearm if he "knowingly or recklessly discharges a firearm into ... any motor vehicle occupied by any person"); § 18-8-610(1)(a), C.R.S. 2015 (a person tampers with physical evidence if "believing that an official proceeding is ... about to be instituted," he "[d]estroys [or] conceals ... physical evidence with intent to impair its ... availability in the ... prospective official proceeding," and does so "without legal right or authority").
¶ 61 Thus, in enhancing defendant's sentence for manslaughter based on the facts that defendant used a weapon and tampered with evidence, the district court relied on facts found by the jury beyond a reasonable doubt. Likewise, in enhancing defendant's sentence for illegal discharge of a firearm based on the facts that someone died and defendant tampered with evidence, the district court relied on facts found by a jury beyond a reasonable doubt. And in enhancing defendant's sentence for tampering with evidence based on the fact that someone died, *642 the district court relied on a fact found by the jury beyond a reasonable doubt. As each enhanced sentence is supported by at least one Blakely -compliant fact, none of the sentences runs afoul of the Sixth Amendment. Lopez , 113 P.3d at 731.
¶ 62 I am not persuaded by defendant's argument that a jury finding doesn't count for Blakely purposes unless it was made specifically in conjunction with the offense to which the enhanced sentence is applied. The Sixth Amendment right at issue in this context is the right to a jury determination of facts. See Blakely , 542 U.S. at 301-02, 305-07, 124 S.Ct. 2531 ; Apprendi , 530 U.S. at 476-77, 120 S.Ct. 2348. That right is fully vindicated whenever a jury finds facts beyond a reasonable doubt.
¶ 63 The soundness of this position is evidenced by the prior conviction exception itself. As noted, a prior conviction may be used to enhance a sentence in a subsequent case. Blakely , 542 U.S. at 301, 124 S.Ct. 2531 ; Apprendi , 530 U.S. at 490, 120 S.Ct. 2348 ; Misenhelter v. People , 234 P.3d 657, 660-61 (Colo. 2010). This is so even though a different jury made the factual determination of guilt (and of the elements of the offense), and did so considering evidence of a different criminal episode. In such a situation, the prior conviction is Blakely -exempt because "the underlying fact in a prior conviction analysis-that the defendant was previously convicted of certain crimes-is one that has passed through the safeguards of the jury right...." Lopez , 113 P.3d at 730. So, too, convictions on separate charges by the same jury have passed through the safeguards of the jury right.
¶ 64 Courts in other jurisdictions have held that a jury's factual finding in conjunction with one charge may be used to enhance a sentence on another charge in the same case. E.g. , State v. Martinez , 210 Ariz. 578, 115 P.3d 618, 625-26 (2005) ;[2] People v. Stankewitz , 126 Cal.App.4th 796, 24 Cal.Rptr.3d 418, 422, 424, 426-27 (2005) ; Robinson v. United States , 946 A.2d 334, 335-39 (D.C. 2008). Another division of this court approved that practice in People v. Bass , 155 P.3d 547, 554-55 (Colo. App. 2006). To the extent the division in People v. Glasser , 293 P.3d 68, 79-80 (Colo. App. 2011), held otherwise, I would not follow it. See People v. Thomas , 195 P.3d 1162, 1164 (Colo. App. 2008) (one division of the court of appeals is not obligated to follow another division's decision).[3]
¶ 65 Thus, I conclude that the district court properly aggravated defendant's sentences based on Blakely -compliant facts found by a jury beyond a reasonable doubt.
¶ 66 Further, the district court properly enhanced the sentences based on Blakely -exempt prior convictions.
¶ 67 A conviction is considered a "prior" conviction for Blakely purposes if it is entered before sentencing on the different offense. Misenhelter , 234 P.3d at 661-62 ; Lopez , 113 P.3d at 730. So even a conviction on one charge entered at the same time as a conviction on another charge is a prior conviction for purposes of sentencing on the other charge. Misenhelter , 234 P.3d at 661-62 ; see also Lopez , 113 P.3d at 730 (a conviction on one charge entered after a conviction on another charge is a prior conviction vis-à-vis the other charge if entered before sentencing on the other charge).
¶ 68 At sentencing in this case, the district court enhanced the sentences because defendant had used a weapon, someone had died, and defendant had tampered with evidence. The court had previously entered convictions for illegal discharge of a firearm, manslaughter, and tampering with evidence. I view the district court's references at sentencing to be to those (prior) convictions. Thus, for this reason as well, the district court did not violate defendant's Sixth Amendment right to trial by jury.
*643 II. Void For Vagueness
¶ 69 Defendant contends that section 18-1.3-401(6) is void for vagueness on its face and as applied to him. I agree with the majority that defendant did not preserve either claim. But I disagree with the majority that we should therefore decline to address the facial challenge. As I have written in the past, constitutional claims are reviewable on appeal for plain error so long as they do not require further development of a record in the district court. See People v. Greer , 262 P.3d 920, 936 (Colo. App. 2011) (J. Jones, J., specially concurring).
¶ 70 Defendant's facial challenge to the statute does not require further development of a factual record: he contends that the statutory language provides no discernable limit to what a sentencing court may consider in aggravation. I would therefore review that challenge.[4]
¶ 71 In People v. Phillips , 652 P.2d 575 (Colo. 1982), the supreme court rejected a void for vagueness challenge to the statute. The statute has not been changed appreciably since that decision, which is binding on this court. See People v. Allen , 111 P.3d 518, 520 (Colo. App. 2004) (the court of appeals is bound by decisions of the supreme court); see also People v. Novotny , 2014 CO 18, ¶ 26, 320 P.3d 1194 (The supreme court "alone can overrule [its] prior precedents concerning matters of state law...."). Therefore, I would reject defendant's challenge on the merits.

The parties submitted supplemental briefing on this question.

Recall that one Blakely -compliant or Blakely -exempt fact is sufficient to aggravate a defendant's sentence. See Lopez v. People , 113 P.3d 713, 731 (Colo. 2005). Thus, in assessing harmless error, we need not analyze all of the facts the trial court relied on in concluding that defendant's manslaughter conviction was aggravated.

For example, defendant suggests that the jury could have concluded that manslaughter committed with a handgun was less aggravated than manslaughter committed with a machete.

Defendant does not seek plain error review of either the as-applied or facial challenges.

Relying on Veren , three other divisions have declined to take up an unpreserved as-applied constitutional challenge. See People v. Torres , 224 P.3d 268, 273 (Colo. App. 2009) ; People v. Cooper , 205 P.3d 475, 477-78 (Colo. App. 2008) ; People v. VanMatre , 190 P.3d 770, 774 (Colo. App. 2008).

For example, in convicting defendant of manslaughter, the jury did not find that he tampered with evidence.

Other Arizona cases applying jury verdicts in this manner include State v. Patron , No. 1 CA-CR 13-0629, 2015 WL 5167661, at *7-8 (Ariz. Ct. App. 2015) (unpublished decision), and State v. Moore , No. 2 CA-CR 2006-0248, 2007 WL 5323085, at *4-5 (Ariz. Ct. App. 2007) (unpublished decision).

Neither People v. Bass , 155 P.3d 547 (Colo. App. 2006), nor People v. Glasser , 293 P.3d 68 (Colo. App. 2011), analyzed this issue in any depth.

I agree with the majority, however, that defendant's unpreserved as-applied challenge is not reviewable.